May Term, 1856.

NICHOLS
v.
HOWE.

------

7   506
131   373

## NICHOLS v. HOWE.

By the act to authorize and limit allowances by Courts and boards, &c., 1 R. S. 1852, p. 101, it is discretionary with the county commissioners to make allowances for voluntary services rendered to the county; and it is provided, also, that where such allowances are made, there shall be no appeal from their decision.

It will be presumed, where the contrary is not shown, that the board of commissioners, in the exercise of a discretionary power, did right.

*Friday,*
*May 30.*

APPEAL from the *Steuben* Court of Common Pleas.

STUART, J.—The board of commissioners of *Steuben* county had been sued in the Circuit Court, and Mr. *Howe* had appeared as attorney for them. It is conceded that he had not been employed at any regular session of the board of commissioners. It is also conceded that the prosecuting attorney was present, and competent to defend the interests of the county. The bill of exceptions says, "these were all the facts found in the case."

It elsewhere appears in the record that *Howe* filed with the commissioners an account as follows, viz.:

*Steuben* county to *John B. Howe*, Dr. To services as counsel in *Milnes* v. *The Board of Commissioners. June* 7, 1854, $50 00.

It appears that two of the commissioners voted for and allowed the claim in due form. *Nichols*, the appellant, who was the third commissioner, voted against it.

The appellant then filed his affidavit that he was interested in the order of the board making the allowance in question, in that he was a resident citizen of the county, owning lands and other taxable property therein to the amount of 6,000 dollars; that as such tax-payer, he was interested to prevent the assessment and collection of heavy taxes, and so was aggrieved by the allowance referred to.

On this affidavit an appeal was taken to the Common Pleas. Both parties appeared, and the cause was submitted to the Court. Finding and judgment for *Howe*. *Nichols* appeals.

It is evident that the record does not contain all the evidence within the rule. 2 Ind. R. 24.—4 *id.* 266.—Rule 30, 4 Ind., p. ix.

The stringency of this rule is intended to prevent the constantly recurring construction of phraseology which might or might not import that the evidence was all in the record.

Aside from this technicality, we do not think the appeal has much merit. Chapter 3, 1 R. S., p. 101, entitled an act to authorize and limit allowances by Courts and boards, &c., provides that the boards may make allowances at their discretion; but that it is their duty to avoid as much as possible the necessity for making any allowance for *voluntary* service, by making prior contracts at stipulated prices. Sec. 7, *supra*. Admitting that the services of Mr. *Howe* in the premises were *voluntary*, it was still in the discretion of the board to make him an allowance under this statute. Having exercised their discretion accordingly, and there being nothing in the record to show that it was abused, neither the Court below nor this Court have any right to review its action. On general principles, the presumption is in favor of what the board of commissioners did, in their official capacity, as correct and proper.

But the act referred to does not leave the question to be

settled on general principles. The 9th section expressly provides that no appeal shall lie from the decision of said boards making allowances for services *voluntarily* rendered. 1 R. S., p. 102. The 10th section provides that from all decisions for allowances other than those provided for in the 9th section, (voluntary services,) an appeal may be taken, &c. Language could scarcely be more explicit. It excludes from the right of appeal, as well the claimant for voluntary services, as the county or any citizen thereof.

It follows that *Nichols* had no right of appeal, either to the Common Pleas or to this Court.

Whether in case of gross abuse by the county board in making allowances for voluntary services, any proceeding could be instituted, it is not necessary in this case to inquire.

*Per Curiam.*—The appeal is dismissed; and the costs subsequent to the allowance by the board of commissioners are taxed against the appellant.

*A. Ellison*, for the appellant.

*J. B. Howe*, for the appellee.