· HARLAN, Auditor of *Grant* County, *v.* CARROLL.

Every general tax-payer of the county, has such· an interest in the appropria-
tions made by the county board, as to entitle him to the benefits of the stat-
ute touching appeals, when he brings himself within its requirements.

Where an appeal was taken from an order in favor of the auditor for publish-
ing the delinquent list, it was *held*, that the appeal lay, whether the appellant
had paid his taxes or not, if he showed that he was entitled to take it, with-
out reference to the *pro rata* assessment for publishing the list.

APPEAL from the *Grant* Circuit Court.               · *Saturday,*
*December* 3.

HANNA, J.—The appellant filed a claim before the board
of commissioners of *Grant* county, for making out and
publishing the delinquent list for the year 1856. The
board allowed him 553 dollars.

· Afterwards, the appellee filed an affidavit stating the
above facts, and also that he was the owner of certain
lands described, included in said delinquent list, and
charged. with three dollars tax, and with one dollar for
the *pro rata* expense in publishing said list; that he was
not a party to the order made by the said board; that he
was aggrieved, &c.; and praying an appeal, &c.

Upon the affidavit and bond filed, an appeal was taken.
In the Circuit Court, a motion, upon written causes filed,
was made to dismiss the appeal. The causes were, first,
that the said *Carroll* had no interest in the·subject-matter
of said cause; second, that he had disposed of his interest
in said cause; third, that he was not entitled to the rem-
edy by appeal—that his remedy was by injunction.·

Accompanying this was the affidavit of the treasurer of
the county, stating that *Carroll* had paid the delinquent
taxes, costs, &c., charged against him. The bill of excep-
tions shows that *Carroll* admitted, on the hearing of the
motion, that such was the fact.                    :

The motion to dismiss was overruled.

It is insisted that whether the county commissioners
made an allowance to the auditor for ·too great a sum or
not, for making out and publishing the delinquent list, is
not a decision from which *Carroll* had the right to appeal.

The statute (1 R. S. p. 229, § 31), allows appeals from all decisions of the commissioners, by any person aggrieved, and provides that "if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

By § 142, 1 R. S. p. 137, the auditor is required to make out a list of delinquent lands, charging them with the amount of delinquent tax, with interest, and with a penalty of 10 per centum on such taxes, &c. Section 143 prescribes the manner in which he shall cause the same to be published, namely, for four weeks in a newspaper, or in handbill form, if the same can be done cheaper, &c., otherwise by three copies posted up in public places in each township.

The account filed by the auditor against the county, upon which the allowance was made from which this appeal was taken, charges for "publishing delinquent list of 1856, by posting up three several copies in each township, &c., making, in all, forty-six copies, being 553,360 words, at ten cents per one hundred words." The order was that he "be allowed 553 dollars, 36 cents, for delinquent list, as per bill."

The evidence shows that the auditor procured the list to be printed in handbill form, and posted up copies thereof; that the charge of the printer was 250 dollars. The evidence is conflicting as to the value of the printing.

Section 202, 1 R. S. p. 146, provides that "The expense of advertising delinquent lands in public newspapers shall be paid out of the county treasury, and the amount charged to the respective tracts advertised accordingly."

Trial by a jury; verdict for the auditor for 127 dollars, 50 cents; upon which the Court made an order allowing him the said sum, and that *Carroll* pay the costs, &c.

The auditor appeals, and insists, first, that the appeal should have been dismissed, for the causes assigned.

We suppose each general tax-payer of the county has

such an interest in the appropriations made by the authorities, as to be entitled to the benefits of the statute in reference to appeals, when he brings himself within its requirements. Therefore, the motion to dismiss the appeal was properly overruled. Whether *Carroll* had paid his tax or not, could not affect the appeal, because he showed that he was entitled to take it, without reference to the question of the *pro rata* assessment for publishing the delinquent list. *Hamilton* v. *The State*, 3 Ind. R. 458.

As neither party has seen proper, in the briefs filed, to point out the statutes upon which they rely, we are left in the dark as to that point.

We have not been able to find any other statute which appears to have a bearing upon the controversy, except the general fee bill (Acts of 1853, p. 66), which provides that the auditor, for all records, copies, and other writings, for each one hundred words (counting three figures as a word) shall be entitled to ten cents. As, according to the appellant's showing, there was about twelve thousand words of record, and it was necessary to make a copy thereof for the printer; and as the job of printing said handbills was, by the witnesses, variously estimated at from 70 dollars to 250 dollars, we do not see how we can disturb the judgment based upon the finding of the jury.

Whether the judgment against *Carroll* for costs is right, we cannot decide, as there are no cross-errors assigned here.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brownlee*, for the appellant.

*A. Steele, H. D. Thompson, I. Van Devanter*, and *J. F. McDowell*, for the appellee.