*H. W. Harrington, C. A. Korbley* and *H. A. Downey*, for appellants.

---

FORDYCE *v.* THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

DONATIONS.—APPEAL FROM ORDER OF COUNTY BOARD.—An appeal will lie from an order of the county board donating money to aid in the construction of a railroad.

SAME.—AFFIDAVIT.—An affidavit showing that the person taking the appeal is a resident tax-payer of the county, was held to be sufficient to authorize the appeal.

APPEAL from the *Montgomery* Circuit Court.

ELLIOTT, J.—The case presented by the record is this: The board of commissioners of the county of *Montgomery*, at a special session called for that purpose, on the 29th day of *June*, 1867, made and entered upon their records the following order, viz.: "It is ordered by the board of commissioners that the sum of $125,000 be and the same is now donated to the *Indianapolis, Crawfordsville and Danville Railroad Company*, to be used in the grubbing, grading, bridging and putting on the ties for the track of the road, from *Crawfordsville* to *Indianapolis*; that said money is not to be used by said company for any other purpose than as stated above; that said donation shall be placed in *The Elstun Bank*, under the control of Major *I. C. Elstun*, Sen'r, and that a sum not exceeding $50,000 shall be drawn out by said company, until the entire line of road from *Crawfordsville* to *Indianapolis* is made ready for the iron. And it is

further ordered, that the county auditor draw warrants on the county treasurer for the sum of $57,000, and deliver with said warrants the notes and mortgages belonging to *Montgomery* county, and in the hands of said auditor, amounting to $65,895 59, to Major *I. C. Elstun*, Sen'r, for the purpose above named."

On the 27th day of *July*, 1867, *Jesse H. Fordyce*, the appellant, for the purpose of appealing from the decision of said commissioners in making said order and donation, filed with the auditor, in the auditor's office of said county, his affidavit, in which it is stated, *inter alia*, "that he is and has been for three years last past a resident of said county of *Montgomery*, in the State of *Indiana*, and during all said time has been and is now the owner of a large amount of property, to-wit, property of the value of $10,000, subject to taxation in said county; that the same has been taxed annually, and that he has paid the taxes thereon." Then, after referring to the order of the board of commissioners set out above, the affidavit proceeds: "He states that as such citizen and tax-payer of said county, he has an interest in the matter made and decided by said order, donation and decision, and in said order itself, and he is aggrieved thereby."

At the same time, the appellant filed in the auditor's office a bond with surety in the penal sum of $4,000, which was approved by the auditor, and thereupon a certified transcript of said order and proceedings was made out and filed in the clerk's office of said *Montgomery* Circuit Court.

The board of commissioners appeared in the Circuit Court by attorney, and moved to dismiss said appeal, for the following reasons:

1. The affidavit of the appellant is insufficient, because it does not allege explicitly the nature of appellant's interest.

2. Because said affidavit does not comply with the requirements of the statute.

Which motion the court sustained, and dismissed the appeal, and rendered judgment against the appellant for costs. Did the court err in dismissing the appeal? It is declared by section 31 of the act providing for the organization of county boards, &c., that, "from all decisions of such commissioners there shall be allowed an appeal to the Circuit or Common Pleas Court, by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed unless he shall file in the office of the county auditor his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest." 1 G. & H. 253.

It is contended in argument by the appellee's counsel, that as no claim against the county was presented by the railroad company to the county board for allowance, the order of the board appealed from being "a purely voluntary donation" of the county funds to the railroad company, the action of the board in the premises did not constitute a decision within the meaning of the statute, and, therefore, that no appeal lies. In support of this position, *Nichols* v. *Howe,* 7 Ind. 506, and *The Board of Commissioners, &c.,* v. *Boyle,* 9 Ind. 296, are cited. In the former case, *Howe* presented a claim to the board of commissioners for services voluntarily rendered by him as an attorney in defending a suit brought against the board in the Circuit Court; two of the commissioners allowed the claim, and the remaining one, *Nichols,* appealed to the Court of Common Pleas, and thence to this court.

It was held that the action of the board of commissioners on the claim was final, and that no appeal could be taken therefrom. This decision is based on the provisions of the " act to authorize and limit allowances by courts and boards, and drafts upon county treasurers." 1 G. & H. 64. The 7th section of which act expressly authorizes the commissioners to make allowances for voluntary services, or for things voluntarily furnished to the county; and section 9 provides that

"no appeal shall lie from the decision of said boards making allowance for services voluntarily rendered, or things voluntarily furnished, for the public use." The question discussed in the case cited from 9 Ind., *supra*, is upon the same statute. The case now before us does not come within the provisions of the statute referred to, and consequently those cases are not in point.

The decision of at least two questions is necessarily involved in the order of the board appealed from in this case, viz. :

1. The legal authority of the board to make the donation from the county treasury. And

2. The justice and propriety of the donation.

It would, indeed, be strange if the statute secured to every citizen who is a tax-payer of the county the right to appeal from the decision of the board in allowing more than such citizen might regard as the fair value of services rendered for the county, on request, or for goods purchased for its use, but refused such appeal when the public funds are voluntarily donated, or given away in large amounts, without a claim upon the county of any kind, either legal or equitable. We are not prepared to give the statute such a construction.

But it is insisted that the affidavit is defective because it does not allege explicitly the nature of the appellant's interest; that to entitle him to an appeal, "he must have something in the order, or rather decision, to complain of, and he must tell what that something is." This would be stating the grounds of his objection to the action of the board, and not the interest the appellant has in the subject thereof. The statute does not require that the affidavit should state the reasons for the appeal, but only that the appellant has an interest in the matter decided, and is aggrieved by such decision, "alleging explicitly the nature of his interest." In other words, it is not sufficient to state in the affidavit, in general terms, that the appellant has an interest, but the nature of his interest must be shown. We think the affidavit

fully complies with this requirement of the statute. Every tax-payer of the county who is required to contribute to the public funds thereof, is interested in their proper use and appropriation. Here the affidavit alleges that the appellant for three years has been and is a citizen of said county, and the owner of taxable property to the amount of $10,000, on which he has paid taxes, and is still liable to do so. The county board by its order gives as a donation to a railroad company, $125,000 out of the county treasury. To this the appellant objects, and says he is interested in the matter thus decided and determined upon. How interested? As a citizen and tax-payer of the county, and therefore interested in the public funds of the county. What more could he say, or in what terms could his interest in the matter be more explicitly stated. In this view we are fully sustained by the case of *Harlan* v. *Carroll*, 13 Ind. 247.

The judgment is reversed, with costs, and the order of the Circuit Court dismissing the appeal set aside, and the cause remanded for further proceedings.

*D. E. Williamson* and *A. Daggy*, for appellant.

*A. Thomson* and *J. M. Butler*, for appellee.