*W. C. Wilson* and *J. H. Brown*, for appellee.

---

## SMITH and Another *v.* SCEARCE.

HIGHWAY.—*Proceeding to Establish.*—*Appeal.*—In a proceeding to establish a highway, an order of the board of county commissioners refusing to pay out of the county treasury the damages assessed by viewers to one through whose land the road would run, is a sufficiently final decision to authorize an appeal to the circuit court by the petitioners for the establishment of the highway. On such appeal the entire proceeding goes to the appellate court, which has full power to make a final disposition thereof; and if the appeal by said petitioners be taken in term, all the adverse parties before the commissioners must take notice of the appeal, and the omission of the name of one of the appellees in the title of the cause in the docket of the appellate court is unimportant.

APPEAL from the Hendricks Circuit Court.

WORDEN, J.—Complaint by the appellee against the appellants for an injunction. Demurrer to the complaint overruled and exception. Final judgment for the plaintiff below.

The object of the suit was to enjoin the defendants, who were supervisors, from opening a new highway through the land of the plaintiff, on the alleged ground that the proceedings to establish the highway were void as to the plaintiff.

Transcripts of the proceedings of the board of commissioners and of the circuit court on appeal from the commissioners are set out as exhibits, to show the invalidity of the order of the circuit court laying out and establishing the highway.

It is alleged in the complaint that the board of commissioners did not make any order laying out or establishing the highway. This seems to be verified by the record. It is also alleged that the plaintiff was not a party to the proceeding in the circuit court. The contrary of this, we think, is shown by the record. The record shows the following proceedings before the board of commissioners. At the June term of the board, 1866, S. W. Williams and seventeen others filed their petition for the establishment of the road, describing it specifically, and stating that it ran through the lands of the plaintiff, amongst others, and praying for the appointment of viewers, &c. The board thereupon, "upon proof of legal notice" appointed viewers, who at the September term of the board, of the same year, reported that the road was of public utility, and that they had laid out and located the same. Before any further action was taken, but at the same term of the board, the appellee and one Nathan Baker (who was originally joined with the appellee as one of the plaintiffs in the cause, but as to whom the cause was dismissed before its final determination) filed their claim for damages on account of the road running through their land, and asked that viewers be appointed to assess them. Viewers for that purpose were accordingly appointed, who at the December term, of the same year, reported against the claim for damages. At the same term of the board, the appellant, said Nathan Baker, and one Stephen Cofer, filed a remonstrance against the establishment of the road, on the alleged ground of public inutility, and asked that reviewers be appointed, which was done; and at the March term, 1867, the reviewers reported that the road was of public utility. Thereupon the said Stephen Cofer put in a claim for damages, and asked that viewers be appointed by the board to assess them, which was done; and at the June term of the board, of the same

year, the viewers reported, assessing the damages of Cofer at fifty dollars. The record of the board proceeds to state that the board refused to pay the damages thus assessed in favor of Cofer, out of the county treasury; "and Samuel W. Williams *et al.* regarding the amount of damages assessed as being excessive, and refusing to pay the same, they therefore pray an appeal," &c., "which is granted," &c.

Here the chronicles of the board of commissioners end. That body made no order, in terms, establishing the road, or refusing to establish it.

We come to the case in the circuit court. The cause was there docketed as an appeal from the board of commissioners, in the name of Samuel W. Williams and the other seventeen petitioners, as plaintiffs, *v*. Stephen Cofer, as defendant. If the case was properly appealed as to the appellee in this case, we deem it unimportant that his name should have found its way into the docket in entitling the cause. The record before us is evidently imperfect, not showing what papers were filed, nor that the cause was submitted to the court for trial; but after entitling the cause, it proceeds as follows:

"Come now the parties by counsel, and the court being fully advised in the premises, finds that the proposed road described in the petition of the plaintiffs and the report of the viewers, to wit (describing it), is of public utility, and that the defendant Stephen Cofer will sustain damages on account of the location and construction of said road, to the amount of ten dollars. Whereupon it is ordered that said road be opened and kept in repair thirty feet wide upon the route aforesaid by the supervisors through whose districts it runs; and it is further ordered that the said sum of ten dollars, the damages sustained by said Stephen Cofer as aforesaid, be paid out of the county treasury of the county of Hendricks."

It is objected by the appellee, to the proceedings in the circuit court, that they are void for want of jurisdiction, inasmuch as the appeal was from an order of the board not *final*. We are of opinion that the order of the board, re-

fusing to pay the damages awarded out of the treasury of the county, was sufficiently final to authorize an appeal to be taken therefrom. It put an end to the case. The statute on the subject is a little ambiguous, but we take it to be clear that the damages assessed may be ordered to be paid out of the county treasury; that the road cannot be opened, worked, or used, until the damages are paid by some one, or deposited in the county treasury for the use of the party entitled to them, or until the party to whom the damages are due shall give his consent thereto, in writing, filed with the auditor. We are of opinion, also, that the fair inference to be drawn from the provisions of the statute, though not stated in express terms, is that the petitioners would have a right to pay the damages assessed, and have the road opened. 1 G. & H. 364, secs. 21, 25.

The order of the board refusing to pay the damages out of the treasury as effectually put an end to the cause as if they had ordered, in terms, that the cause be dismissed unless the petitioners would pay the damages. In *Crossly* v. *O'Brien*, 24 Ind. 325, it was held, that a party might appeal from an order of the board dismissing the petition unless the petitioners would open and maintain the road at their own expense. Such conditional dismissal is no more final than the determination of the main question upon which such conditional dismissal must follow. It is substance, and not so much form, that should be regarded, especially when the validity of a record is attacked collaterally, as in this case. When the board made the order refusing to order the money paid out of the county treasury, the petitioners had the option of paying the damages or appealing to another court. The action of the board was final in substance, if not in form.

It may be remarked, in passing, that the right of appeal from the decisions of the board in road cases, or in other cases, is not in terms limited to *final* decisions. 1 G. & H. 253, sec. 31; *id.* 364, sec. 26. Under the general language of these provisions, "from all decisions" in the one case.

and "any decision" in the other, we think the decision appealed from was sufficiently final to authorize the appeal.

The appeal when taken took the whole case to the circuit court, and the appellee was bound at his peril to look to his interests in that court, he having been a party to the proceedings in the commissioners' court, and the appeal having been taken in term.

The circuit court had full power to make a final disposition of the cause. *McPherson* v. *Leathers*, 29 Ind. 65.

On the whole, we are of opinion that the complaint did not show that the road was not legally established, and therefore, that no ground was shown for enjoining the defendants below from opening and working it. The demurrer to the complaint should have been sustained.

The judgment below is reversed, with costs; and the cause is remanded for further proceedings.

*C. C. Nave*, for appellants.

*L. M. Campbell*, for appellee.