## MERRICK v. LESLIE ET AL.

MORTGAGE.—*Foreclosure.*— *Assumption by Subsequent Purchaser.*— *Failure of Evidence.*— *Verdict.*—Where, in a suit to foreclose a mortgage executed to the plaintiff by A. and his wife upon real estate, it is alleged, among other things, that B., a co-defendant who pleaded the general denial, subsequent to the execution of said mortgage, had purchased said real estate subject thereto, and had assumed and agreed to pay the debt thereby secured, a verdict against B. is erroneous, if there be no evidence tending to show that such mortgage had been duly recorded, nor that he had any notice of said mortgage, actual or constructive, prior to his purchase, nor that he had purchased the real estate subject to said mortgage, nor that he had, at any time, assumed and agreed to pay the debt thereby secured.

SAME.—*Paramount Title.—Evidence.*—In such suit, evidence offered by B., consisting of a deed to a portion of said real estate, executed, prior to the mortgage, to a third person, and the record of a suit by such third person against the mortgagor, in which judgment was recovered by such third person for the possession of said real estate, and a deed subsequently executed by such third person to B., conveying to him said real estate, is competent, and pertinent to the issues, as tending to show, that, in so far as said portion of the mortgaged real estate is concerned, B. owns and holds the same by a title paramount to the mortgage in suit.

BRIEF.— *Waiver.—Practice.—Supreme Court.*— Errors assigned in the Supreme Court, which are not discussed by counsel, are regarded as waived.

From the Pike Circuit Court.

*F. B. Posey* and *L. Ferguson*, for appellant.

*W. H. De Wolf*, for appellees.

HOWK, C. J.—This was an action by the appellee Alexander Leslie, as plaintiff, against John J. McKnight,

America McKnight, and the appellant, as defendants, to foreclose a mortgage on certain real estate, in Pike county, Indiana.

In his complaint, the appellee Leslie alleged, in substance, that, on the 1st day of May, 1869, the defendant John J. McKnight and one Mary Jane McKnight, then his wife but since deceased, executed a mortgage conveying to the appellee Leslie the real estate in said Pike county, particularly described in said mortgage, in two parcels, the first containing sixty-seven acres, and the second containing sixty-one acres; that, by mistake in drafting said mortgage, the second parcel of said real estate was erroneously described therein, alleging the error in the description; that said mortgage was executed to secure the payment of a promissory note, also executed by said mortgagors, of even date with said mortgage, for the sum of nine hundred dollars, payable to the appellee Leslie one year after date, with ten per cent. interest, and waiving all benefit of valuation and appraisement laws; that, in said mortgage, it was stipulated, that, if said debt was not paid at maturity, the mortgagors agreed to pay all reasonable attorney's fees in foreclosing said mortgage and collecting said debt; and a copy of said mortgage and a copy of said note were filed with and made parts of said complaint. The appellee Leslie further alleged, that, on the 15th day of. May, 1869, the said mortgage was duly recorded in the recorder's office of said Pike county; and that afterward, on the 5th day of February, 1870, the appellant became the purchaser of said real estate, subject to said mortgage, and assumed and agreed to pay the debt thereby secured; that afterward, on the 25th day of August, 1873, said Mary Jane McKnight died, leaving the defendants John J. and America McKnight as her only heirs at law; that said note was due and wholly unpaid; and that a reasonable attorney's fee, for foreclosing said

mortgage and collecting said note, was one hundred dollars.   Wherefore, etc.

The appellant separately answered in four paragraphs; the first being a general denial, and each of the other paragraphs setting up affirmative matters by way of defence.

To the second, third and fourth paragraphs of said answer, the appellee Leslie replied in two paragraphs; the first being a general denial, and the second setting up special matter.

The defendants John J. and America McKnight made default.

. The issues joined were tried by a jury, and a verdict was returned for the appellee Leslie for the full amount of the note in suit, for the reformation of the mortgage as prayed for in the complaint, and for the foreclosure of the reformed mortgage, etc.   The appellant's motion for a new trial was overruled, and he excepted to this decision ; and judgment was rendered by the court on the verdict of the jury.

The appellant has assigned, in this court, several alleged errors of the court below ; but the questions discussed by his counsel, in their brief of this cause, all arise under the alleged error of the court, in overruling his motion for a new trial.   Therefore, the other errors assigned will be regarded as waived by the appellant ; and we will consider and decide such questions only as are fairly presented by the decision of the court in refusing a new trial.

It will be observed, that the only controversy, in this action, between the appellee Leslie and the appellant Merrick, is founded upon the following averment in the appellee's complaint, to wit :   "And that afterward, to wit, on the 5th day of February, 1870, the said defendant William L. Merrick became the purchaser of said real estate, subject to said mortgage, and assumed and agreed to pay the debt thereby secured."   This is the only allegation in

said complaint, which has any reference whatever to the appellant. It will be seen also, from our statement of this case, that the appellant joined issue on this allegation by a general denial of the complaint. On the trial of the cause, the appellee Leslie gave in evidence a deed from Mary Jane and John J. McKnight to the appellant, dated February 5th, 1870, conveying to the appellant the second parcel of real estate, containing sixty-one acres, described in the mortgage in suit, to the appellee Alexander Leslie, bearing date on the 1st day of May, 1869. The appellee Leslie introduced no evidence whatever, on the trial of this action, which showed or tended to show, that the said mortgage to the appellee had ever been recorded in the recorder's office of said Pike county, or that the appellant had any notice whatever, actual or constructive, of the existence even of the said mortgage to the appellee Leslie, prior to the conveyance to the appellant of said second parcel of real estate, containing sixty-one acres, or that the appellant became the purchaser of either of the parcels of real estate described in said mortgage to the appellee Leslie, or any part thereof, " subject to said mortgage," or that the appellant had ever, at any time or in any manner, " assumed and agreed to pay the debt thereby secured," or any part thereof.

From the entire and complete failure of the evidence, introduced by the appellee Leslie, on the trial of this action, to maintain the issues joined between him and the appellant, it is a clear proposition, we think, too plain for argument, that the verdict of the jury, as against the appellant, was not sustained by any sufficient evidence.

What we have hitherto said, it will be seen, has reference only to the second parcel of real estate, containing sixty-one acres, described in the mortgage to the appellee Leslie. As to the first parcel of real estate, containing sixty-seven acres, described in said mortgage to said appellee,

the evidence introduced by him, in support of the issues between him and the appellant, was even more defective, if possible, than his evidence in relation to the second parcel of real estate, containing sixty-one acres, described in the mortgage in suit. For, as to this first parcel of real estate, containing sixty-seven acres, the appellee Leslie introduced no evidence whatever, either written or oral, showing or tending to show that the appellant had ever purchased the same, either " subject to said mortgage " or otherwise, or had ever, at any time or in any manner, " assumed and agreed to pay the debt thereby secured," or any part thereof. There was, therefore, on the part of the appellee Leslie, a total failure of evidence, in his behalf, to maintain the issues joined between him, the appellee Leslie, and the appellant, in regard to the said first parcel of real estate, containing sixty-seven acres, described in said mortgage; and for this reason the verdict of the jury was not sustained by any sufficient evidence.

The mortgage in suit was executed to the appellee Leslie on the 1st day of May, 1869. On the trial, the appellant offered record evidence, which tended strongly to prove, that, at the time of the execution of said mortgage, the mortgagors had no title whatever to the said first parcel of real estate, containing sixty-seven acres, described in said mortgage; that, on the 18th day of February, 1854, one Catharine Cott became the owner, in fee-simple, of said parcel of real estate; that afterward, at the March term, 1870, of the Pike Circuit Court, the said Catharine Cott, then Catharine McKew, and William E. McKew, her husband, in an action there pending against John J. McKnight, the said mortgagor, by the consideration of said court, recovered judgment for the possession of said sixty-seven acres; and that, on the 14th day of April, 1870, the said Catharine and William E. McKew, by their deed of that date, sold and conveyed the said sixty-seven acres, in

fee-simple, to the appellant. The evidence thus offered by the appellant was as follows :

1. The deed to Catharine Cott from the heirs at law of John Cott, deceased, dated February 18th, and recorded February 22d, 1854 ;

2. The complete record of the suit of *Catharine Mc-Kew, etc.,* v. *John J. McKnight;* and,

3. The deed from Catharine McKew and husband to the appellant.

These items of evidence were objected to by the appellee, and, the objection having been sustained, were excluded by the court, and the appellant excepted.

The grounds of the appellee's objection to the evidence thus offered are not apparent in the record. It is very clear, we think, that the circuit court erred in excluding this evidence. It was competent, and pertinent to the issues joined. It tended to show, that, in so far as the first parcel of the mortgaged real estate, containing sixty-seven acres, was concerned, the appellant owned and held the same by a title paramount to the mortgage in suit. We think that this evidence ought to have been admitted.

For the reasons given, we hold that the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the costs of the appellee Alexander Leslie, and the cause is remanded for a new trial.

NOTE.—NIBLACK, J., took no part in the decision of this cause.