Faris, Treasurer, *v.* Reynolds *et al.*

---

## FARIS, TREASURER, *v.* REYNOLDS ET AL.

RAILROAD.—*Petition for Appropriation.*—*Corporate Existence of Company.*—*Surplusage.*—*Act of 1869 Construed.*—*Township Might Vote to Take Stock.*—*Power of County Commissioners.*—*Injunction.*—A petition was preented to a board of county commissioners, under the act of May 12th, 186{, before it was amended by the act of March 17th, 1875, praying the board to order an election upon a proposed appropriation by a township, to aid in the construction of a railroad by a railroad company named, "a corporation under the laws of the State of Indiana, now owned by and forming a part of" another railroad company named, "a corporation under the laws of the State of Illinois; * * * and that said appropriation," naming the amount, "be levied by taxation on and from said * township *and *invested in the capital- stock* of said company," for the benefit of the township and taxpayers. The petition having been granted and notice given of the election, the appropriation voted and the tax levied, a taxpayer brought an action to enjoin its collection.

*Held,* that the petition sufficiently shows such company to have been one organized under the laws of Indiana.

*Held,* also, inasmuch as the answer denied the ownership of such company by a foreign company, that the petition was not vitiated by its statement of such ownership.

*Held,* also, hat, under the original act, the township had a right to vote upon the proposition to make an appropriation by taking stock.

SAME.—*Assignee of Company.*—The fact that such petition asks that the tax

| 70 | 359 |
| 137 | 228 |
| 137 | 491 |
| 70 | 359 |
| 155 | 490 |
| 70 | 359 |
| 162 | 594 |

Faris, Treasurer, *v.* Reynolds *et al.*

to be levied shall be paid to the proper railroad company named, " or its assigns," does not invalidate the petition.

SAME.—*Description of Railroad.*—The notice of such election stated that the question to be voted upon was that of voting an appropriation to aid in constructing such railroad, naming it, " by taking stock in the company constructing said railroad."

*Held,* that the railroad company named was meant by the words " company constructing," etc.

SAME.—*Excessive Levy.—Enjoining Tax.—Payment or Tender of Tax Lawfully Levied.*—The fact that the levy made to raise the tax voted will raise an amount slightly in excess of the amount voted will not invalidate the tax, and will not relieve the plaintiff from the general rule, that he must first have paid or tendered the amount legally levied.

SAME.—*Judgment.—Remedy.—Appeal.—Notice of Election can not be Collaterally Attacked.*—Where, upon the voting of such an appropriation, the board of commissioners order a tax to be levied, they thereby determine judicially that proper notice of such election has been given, and such fact can not be questioned in an action to enjoin the collection of the tax. If there was not proper notice, the taxpayers' remedy was by appeal from the order of the board.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers, N. O. Ross* and *J H. Wallace,* for appellant.

*D. P. Baldwin* and *W. H. Dague,* for appellees.

WORDEN, J.—This was an action by the appellees who were taxpayers of Union township, in White county, Indiana, against the appellant. who was the treasurer of that county, to perpetually enjoin the collection of a tax levied in that township, to aid in the construction of the Indianapolis, Delphi and Chicago Railroad through the township.

Demurrer to the complaint for want of sufficient facts overruled. Answer of one paragraph, to which a demurrer for want of sufficient facts was sustained, and exceptions taken. Final judgment for the plaintiffs enjoining the collection of the tax.

The pleadings are entirely too long to be here set out, but we will consider the objections made to the validity of

the tax, as they are presented by the pleadings and brief of counsel.

The petition to the board of commissioners was as follows :

" The undersigned citizens and freeholders of Union township, in the said county of White, respectfully petition your honorable board to make an appropriation of twenty-four thousand four hundred dollars to aid the Indianapolis, Delphi & Chicago Railroad Company, a corporation under the laws of the State of Indiana, now owned by and forming a part of the Chicago & South Atlantic Railroad Company, a corporation under the laws of the State of Illinois, in the construction of the contemplated railroad through Union township, in said county of White, and that said appropriation of twenty-four thousand four hundred dollars be levied by taxation on and from said Union township in White county, *and invested in the capital stock of said company*, for the use and benefit of said township and the persons who shall pay taxes, and that said appropriation of money be paid to said railroad company or assigns, for the purpose aforesaid, subject to the provisions and limitations of existing laws."

The notice of election was, in substance, as follows, to wit :

" Notice is hereby given to the qualified voters of Union township, in White county, in the State of Indiana, that by order of the board of commissioners of said county, made at the regular session in March, 1874, of said board, the polls will be opened on Saturday, April 25th, 1874, at the usual place of voting in said township, to take the votes of legal voters thereof upon the subject of said township, aiding in the construction of the Indianapolis Delphi & Chicago Railroad through said township, *by taking stock in the company constructing said railroad*, to the amount of twenty-four thousand four hundred dollars," etc.

It is objected that the petition was defective, and the proceedings under it void, because it did not state that the Indianapolis, Delphi & Chicago Railroad company was a corporation "organized" under the laws of this State. The petition shows that the company mentioned was "a corporation under the laws of this State," and this implies that it was organized under the laws of this State. Unless it was so organized, we do not see how it could have been a corporation under the laws of this State. It is not seen very clearly what was meant by the words, in the petition, "now owned by and forming a part of the Chicago & South Atlantic Railroad Company," but in view of the allegations in the answer, which the demurrer thereto admits to be true, we think they should not be held to vitiate the petition. The answer avers "that it is not true, as alleged in the complaint, that the Indianapolis, Delphi & Chicago Railroad Company is, or was at the time of the commencement of this suit, or ever was, or that its property and franchises ever were or are owned by the Chicago & South Atlantic Railroad Company, or any other corporation, foreign or domestic."

It is insisted that, as the petition asked that the amount of the aid to be furnished be invested in the stock of the company, and as the voters voted to furnish the aid by taking stock, the whole proceedings were rendered void; and it is said in one of the briefs that this is the ground upon which the court below held the assessment of the tax to be void.

The proceedings were had under the provisions of the act of May 12th, 1869, 3 Ind. Stat. 389, before it was amended by the act of March 17th, 1875. Acts 1875, Spec. Sess., p. 70. The first section of the original act provided "That whenever a petition shall be presented to the board of commissioners of any county in this State, at any regular or special session thereof, * * * signed by twenty-

five freeholders of any township of such county, asking such township to make an appropriation of money to aid a railroad company named in such petition, and then duly organized as aforesaid, in constructing a railroad in or through such township, by taking stock in or donating money to such company to an amount specified in such petition, not exceeding, however, two per centum upon the amount of the taxable property of such * * * township * * on the tax duplicate of the county, delivered to the treasurer of the county for the preceding year, it shall be the duty of such board," etc.

This section, standing by itself, as we think, clearly implies that the petitioners may specify, in their petition, the mode in which they ask the aid to be furnished, whether by taking stock in the company or donating the money to it. The language is, matters extraneous to the point being eliminated :

" Whenever a petition shall be presented, * * * asking such township to make an appropriation of money to aid a railroad company, * * * by taking stock in or donating money to such company, * * * it shall be the duty of such board," etc.

If the petition may specify the mode in which it is proposed to furnish the aid, it follows that the voters may vote upon furnishing the aid in the manner proposed.

The fourteenth section of the act, which seems to be still in force as it was originally enacted, provides that " Said board of commissioners may, after the assessment herein provided for, or any part thereof, shall have been collected, take stock in such railroad company, from time to time, in the name of the proper county or township, as the case may be, and pay therefor, when the same is taken, out of the moneys so collected as aforesaid, or they may donate such moneys to said company for the purpose of aiding in the construction of such railroad, and pay the same over, from time to time, as the work progresses."

We are of opinion that the first section of the act authorizes the petitioners to the board for aid to be given by a township, to state in the petition the manner in which it is proposed to furnish the aid, whether by taking stock in the company, or by donating the money to the company, and that the proposition to furnish the aid in the manner stated may be submitted to the electors of the township, and that the 14th section must be so construed as to authorize the board of commissioners to take stock in the company on behalf of the township, or to donate the money for the purpose of aiding in the construction of the railroad, in cases where the manner of furnishing aid has been determined by the petition and vote, in whichever manner may have been designated by the petition and vote. This, it seems to us, is the fair construction of the two sections, and, indeed, of all the sections of the statute taken together. The people of a township, who vote this tax upon themselves, should have the right, and, as we think, have the right under the law, to determine by their vote the manner in which the money shall be used, whether by donation of the money or by taking stock in the company. They may be supposed to know what their interests in the matter may be quite as well as the board of commissioners of the county. *Bittinger* v. *Bell*, 65 Ind. 445.

We are of opinion, therefore, that this objection to the tax is not well taken.

It is also objected that the petition is void and the tax illegal, because the petition asks that the money be paid to the railroad company " or its assigns," etc., and, in connection with this point, it may be observed that it appears that the railroad company has transferred its interest in the tax to Yeoman, Hagler & Co.

It is not seen that any one is injured by the assignment of the claim. If the township gets the stock, which it is entitled to do either before or concurrently with the pay-

ment of the money, whether paid to the railroad company or its assigns, it can not be material whether the money is paid to the railroad company or its assigns. If the assignment is valid, the taxpayer is not injured. If it is invalid, it harms no one, and furnishes no reason why the tax should not be collected. There is no foundation in these objections. See, on the subject of assignment, the case of *Wilson* v. *The Board of Commissioners of Hamilton County*, 68 Ind. 507.

It is objected that the notice of the election was void, because it was given " to take the votes of the legal voters thereof upon the subject of said township aiding in the construction of the Indianapolis, Delphi & Chicago Railroad through said township, by taking stock in the company constructing said railroad to the amount," etc. It is insisted, as we understand the brief, that this does not show in what company it was proposed to take the stock. The notice shows that it was proposed to give aid in the construction of the Indianapolis, Delphi & Chicago Railroad through said township, by taking stock in the company constructing said railroad. This, it seems to us, fairly means, by taking stock in the Indianapolis, Delphi & Chicago Railroad Company, for it will not be assumed that any other company was constructing the road. We think no one could have been misled as to the company in which it was proposed to take stock, and that the notice was sufficient.

It is claimed that the taxes levied amount to more than the $24,400. The board ordered one per cent. upon the taxable property to be placed upon the tax duplicate for the year 1874, and a like amount for the year 1875. The two per cent. upon the taxable property of the township, thus levied, would, if all were collected, produce a sum slightly in excess of the $24,400, the amount of the taxables being a little more than enough to produce, at the two per cent., the sum of $24,400.

The tax was valid so far as was necessary to produce the sum of $24,400. The trifling excess may not have been valid; but the case comes clearly within the rule that payment or tender must be made of the portion of taxes that are legal, in order that an injunction will be granted to restrain the collection of such portion as may be illegal. The case is entirely different from one in which the amount of aid asked exceeds the two per cent. on the amount of taxables. Besides, the excess on each taxpayer's property is so infinitessimal as to come within the maxim, *de minimis non curat lex.*

We have thus considered the objections urged against the tax by the counsel for the appellees, and find them insufficient. In our opinion, the court below erred in sustaining the demurrer to the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

BIDDLE, J., dissents.

## ON PETITION FOR A REHEARING.

WORDEN, J.—In this case, the appellees have filed a petition for a rehearing, insisting that the notices of the election and the certificates or proof thereof were insufficient.

Since the original opinion in this case was filed, the case of *The Board of Comm'rs of Lawrence Co.* v. *Hall,* *post,* p. 469, was decided. In that case it was decided that "The filing of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite number of freeholders of the township, but every other fact necessary to the granting of the prayer of the petition, including the due organization, under the laws of this State, of the company in whose favor aid is asked.

" By making the order granting the prayer of the peti-tion, the board must be taken to have decided that the com-pany was such an one as was, under the statute, entitled to aid ; and if, in this respect, it has committed an error, the decision is, nevertheless, binding and conclusive, unless ap-pealed from, and can not be attacked collaterally, as by injunction upon the collection of the tax."

So, here, the board must be taken to have determined that proper notice of the election had been given, and that all steps required by law had been taken, in order to the granting of the petition. This decision of the board can not be attacked collaterally. If any error or mistake was committed by the board, an appeal, provided for by law, would have furnished an ample remedy.

The petition for a rehearing is overruled.