Reynolds *et al. v.* Faris, Treasurer, *et al.*

No. 9408.

REYNOLDS ET AL. *v.* FARIS, TREASURER, ET AL.

RAILROAD.—*Tax.—Foreign Corporation.—Notice.—Injunction.—County Commissioners.*—That the property and franchises of a railroad company are owned by a foreign corporation, that there was a prior existing levy on the township to aid the same road, or that proper notices of election concerning the levy of the tax were not given, are matters which must have been decided by the board of commissioners before granting the prayer of the petition, and that decision could only be reviewed upon a direct appeal, and can not be questioned by a suit to enjoin the collection of the tax.

SAME.—*Town.—Township.*—For the purpose of a tax in aid of a railroad, an incorporated town within a township is part of the township.

SAME.—*Work Done by Company.—Collateral Attack.*—That the railroad company had not done work in the township equal to the amount of the tax, was a matter necessary to be decided by the board of commissioners before ordering the collection of the tax, and, that order having been granted, the question is settled as against a collateral attack.

From the White Circuit Court.

*D. P. Baldwin, W. K. Dague, S. A. Huff* and *G. W. Galvin,* for appellants.

*A. W. Reynolds, E. B. Sellers, J. A. Wallace* and *N. O. Ross,* for appellees.

WORDEN, J.—Complaint for an injunction to restrain the collection of a tax levied in aid of a railroad company.

The case has once before been in this court and is reported in 70 Ind. 359 (*Faris* v. *Reynolds*), to which reference may be had for a general statement of the case. After the cause went back from this court, the complaint was amended by making new parties, and a second paragraph was added. Such further proceedings were had as that judgment was rendered for the defendants, and the plaintiffs appealed to this court.

We proceed to consider the questions raised by the brief of counsel for the appellants.

The appellants claim that error was committed in sustaining demurrers to the third, fourth, seventh, seventh and a half, ninth and tenth specifications of objections to the collection of the tax, stated in the first paragraph of complaint. These specifications are as follows:

" 3d. That the property and franchises of the alleged Indianapolis, Delphi and Chicago Railroad Company were and are owned by the Chicago and South Atlantic Railroad Company, a corporation organized under the laws of Illinois, and the commissioners of White county had no power to order a tax to be levied for the purpose of taking stock in a foreign corporation, or a state corporation whose property is owned by a foreign corporation, and the plaintiffs aver that for that reason the proceedings are on their face void.

" 4th. That at the time said orders were made, to wit: March 6th, 1874, there was a prior levy of $13,500 of taxes made in Union township, White county, Indiana, for the purpose of taking stock in the said Indianapolis, Delphi and Chicago railroad; said order was made June 6th, 1872, and was made in pursuance of a previously filed petition and elec-

tion by the qualified voters of said Union township, White county, Indiana; that on the —— day of ————, 1872, more than twenty-five freeholders of Union township, White county, Indiana, petitioned the board of commissioners for a tax to be levied to take stock in said Indianapolis, Delphi and Chicago railroad; said tax prayed for was $13,500, a sum not exceeding two per cent. of the taxables of said township; therefore the proper notice was given, the proper election was had, and a majority of the voters of said township voted in favor of said measure, and accordingly a tax of $13,500 was at the regular June term, 1872, of said commissioners of White county, Indiana, levied and ordered to be collected, which order is in these words:" (here follows the order), "and the plaintiffs aver that said levy was not, March 6th, 1874, nor in June, 1874 or 1875, abandoned, but was in full force and effect; and the plaintiffs aver that the board of commissioners of White county, Indiana, had not upon the 6th of March, 1874, any power to order an election, nor had they, June, 1874 and June, 1875, any power to order a levy of $24,400 of taxes upon the taxables of said Union township, to aid said Indianapolis, Delphi and Chicago Railroad Company in the construction of their proposed road. That the entire taxables of said township in no one year for ten years past amounted to $1,500,000, and said additional levy of $24,400 exceeded the rights given by law in the premises to said board of commissioners.

"7th. Said plaintiffs say said tax levy of 1874 and 1875, is illegal and void in this, to wit: The tax specified in the petition was to be used and invested in the capital stock of the Indianapolis, Delphi and Chicago Railroad Company. The notices of election were to take stock, not in the Indianapolis, Delphi and Chicago Railroad Company, but in the company constructing said railroad. This was the proposition submitted to the voters of Union township, and voted upon. And the plaintiffs say that the auditor and sheriff had no power to submit any such proposition to the voters of said

township, and that the votes so taken there did not justify the board of commissioners in levying the tax here complained of, and said levy is therefore illegal and void.

"7½. That said tax is void because the notices for the election to the citizens of Union township, White county, Indiana, was upon the subject of said township aiding in the construction of the Indianapolis, Delphi and Chicago railroad through said township by taking stock in the company constructing said railroad to the amount of $24,400, which notice was not warranted by law, nor by the order of the board of commissioners of White county, in the premises, and the voters had no other notice of said election, and voted for no other or different proposition.

"9th. That the tax levy of 1875, is void in this, to wit: The tax prayed for and voted on was a tax of $24,400 upon the taxables of Union township, White county, Indiana; that in 1875 the board of commissioners of White county ordered a tax levy of not exceeding one per cent. upon the real and personal property in said township, including the town of Monticello; that no mention whatever is made of the town of Monticello in any petition, notice or order made prior to that date; that said tax for 1875 is for no specified sum; that the taxables for that year of Union township amounted to $702,747, of the town of Monticello to $565,-385, total $1,268,132; and the plaintiffs aver that the town of Monticello is a town incorporated under the laws of the State of Indiana. That in all the county books and records of White county it is separately assessed and taxed. That in none of the proceedings, except in the levy of 1875, is Monticello named; and the plaintiffs aver that the board of commissioners had no authority to include the taxables of Monticello in said levy of 1875. Wherefore the entire levy is void.

"10th. That said tax is illegal and void in this, to wit: That the road of the Indianapolis, Delphi and Chicago rail-

road [Co. ?] was not in good faith begun in Union township within one year after June 6th, 1874; that a pretence was made of beginning said road within a year, but it was a mere pretence of work, and not in good faith a beginning of said railroad; that the said railroad was not ready for use within three years from June 6th, 1874, or June 15th, 1875; that it is not yet completed through the township; that the board of commissioners of White county never have given the said road further time to complete their road through said township; that the said railroad company have never done an amount of work upon their road in Union township equal to $24,400, or one-half of said sum, yet the said board of commissioners, in September, 1878, ordered that the entire tax be collected from the taxpayers of Union township, White county, Ind., on or before the first Monday of November, 1878, and the plaintiffs say that because of the premises the said board had no right at the September term, 1878, to order the aforesaid tax to be collected at or before the first Monday of November, 1878."

We proceed to consider the questions thus raised.

Specifications numbered 3, 4, 7 and $7\frac{1}{2}$, set up matters that would have been proper to be considered before the board of commissioners, or on appeal from the order of the board granting the prayer of the petitioners had an appeal been taken; but they furnish no ground for a collateral attack upon the order. When the case was before in this court, it was said, in passing upon the petition for a rehearing, quoting from the case of *The Board of Commissioners of Lawrence Co.* v. *Hall,* 70 Ind. 469 : " The filing of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite number of freeholders of the township, but every other fact necessary to the granting of the petition, including the due organization, under the laws of this State, of the company in whose favor aid is asked.

" By making the order granting the prayer of the petition,

the board must be taken to have decided that the company was such an one as was, under the statute, entitled to aid; and if, in this respect, it has committed an error, the decision is, nevertheless, binding and conclusive, unless appealed from, and can not be attacked collaterally, as by injunction upon the collection of the tax."

We might add, in perhaps more comprehensive terms, that, by granting the prayer of the petitioners, the board must be taken to have decided every fact essential to the validity of the order, which decision is conclusive, unless appealed from. This principle has been affirmed in many subsequent cases. See *Davidson* v. *Koehler,* 76 Ind. 398, 421 ; *Ricketts* v. *Spraker,* 77 Ind. 371, and *Argo* v. *Barthand, post,* p. 63. No error was committed in sustaining the demurrer to these specifications.

There is no substance in the 9th specification, and the demurrer to it was properly sustained. It is not alleged that the town of Monticello is not within Union township, and the inference from what is stated is, that it is within that township. When Union township voted the tax, it was properly levied upon all the taxables within the township, though a part might be within the limits of an incorporated town within the township.

The 10th specification sets up no valid objection to the collection of the tax, outside of the averment that the company had not done work on the road in the township equal to the sum of $24,400. But the board of commissioners, in September, 1878, ordered the tax to be collected. This order was made upon the petition of a voter of the township, and also upon the petition of the railroad company, showing that the company had expended, in the construction of the road in that township, the sum of $34,534. This order, if work had been done to the proper amount, the board was authorized to make by the provisions of the 2d section of the act of Jan. 30th, 1873, Acts 1873, pp. 184-5, amended by the act of March 11th, 1875, Acts 1875, Reg. Sess., p. 121.

This order having been made, and being in force, unap-

pealed from, the plaintiffs can not now be heard to say that the necessary amount had not been expended in the construction of the road in the township. · That question was settled by the board of commissioners.

There was no error in sustaining the demurrer to this specification.

This brings us to the second paragraph of complaint. The 13th specification in that paragraph was as follows :.

"The said Indianapolis, Delphi and Chicago Railroad Company did not, but failed to, commence work on its road within two years from the levying of the said special tax, and is, therefore, not entitled to said appropriation."

On this, issue was taken, and the cause was submitted to a jury for trial; but, at the close of the evidence, the defendants demurred to the evidence, and the court sustained the demurrer, and rendered final judgment for the defendants. Upon examining the evidence, we can by no means say that any error was committed in sustaining the demurrer.

We have thus considered the points made by the appellants and find no error in the record.

The judgment below is affirmed, with costs.