Pfister *et al.*, Board of Commissioners of White Co., *v.* The State, *ex rel.* Fox.

No. 8507.

PFISTER ET AL., BOARD OF COMMISSIONERS OF WHITE COUNTY, *v.* THE STATE, EX REL. FOX.

MANDATE.—*Practice.*—*Affidavit.*—*Demurrer.*—The sufficiency of an affidavit, upon which a mandate is asked, may be tested by demurrer.

SAME.—*Alternative Writ.*—*Waiver.*—The parties may waive the issuing of the alternative writ of mandate.

SAME.—*Board of Commissioners.*—*Railroad Aid Tax.*—A mandate will lie against a board of county commissioners to compel them to take action upon the petition of a taxpayer of a township asking them to take stock in a railroad company to the amount of money collected on a tax voted for that purpose.

From the White Circuit Court.

*J. H. Wallace, R. Gregory, C. H. Test* and *J. Coburn,* for appellants.

*N. O. Ross, A. W. Reynolds* and *E. B. Sellers,* for appellee.

WOODS, J.—The appellee filed in the court below his affidavit and moved for a mandate against the appellants, as commissioners of White county. The appellants appeared in person and by attorney, "waived the issuing and service of process and alternative mandate," and demurred to "the plaintiff's complaint." The court overruled the demurrer, and the defendants refusing to answer, or to show cause to the contrary, the court entered a peremptory mandate as prayed.

The error assigned is the overruling of the demurrer.

The appellee insists that the ruling presents no question, because, as was held in *Johnson* v. *Smith,* 64 Ind. 275: "The alternative writ of mandate embodying the affidavit upon which it issued * * is, in legal effect, the petitioner's complaint; and a demurrer by the defendant should attack the writ and not simply the affidavit."

In that case the alternative writ had issued; in this case it had not issued. The defendants expressly waived the issuing of it, and the question is, whether by so doing they lost the right to test the sufficiency of the application by demur-

rer. Clearly not. If there was nothing to demur to, then there was nothing to give judgment upon in favor of the appellee after the overruling of the demurrer which was filed, a horn of the dilemma which the appellee probably has not intended to take, though it is the plain logic of his position.

The cases upon the subject were reviewed to some extent in *Gill* v. *State, ex rel.*, 72 Ind. 266, where it is shown that the sufficiency of the application or complaint has often been determined upon demurrer, without reference to the alternative writ when issued, as well as in cases where it had not issued.

There is no good reason why the meaningless formality of copying the complaint or application and accompanying documents into an alternative writ may not be waived, if, indeed, it ought to be permitted at all, under the code, which was designed to simplify the forms of action and procedure.

It is true, that the code provides, that the writ shall be issued upon affidavit and motion, that the first writ shall be in the alternative or peremptory, as the court shall direct, and that when a return shall be made to any such writ, issues of law and fact may be joined and like proceedings shall be had for the trial of issues and rendering judgment as in civil actions. Code of 1852, sections 740, 742; R. S. 1881, sections 1169, 1171. And in these particulars the proceeding differs from the ordinary action, but except in cases where the first writ ought to be mandatory, the parties should be allowed, as in an ordinary case, to appear, waive process or alternative writ, and form issues of law or fact; if of law, by demurrer; if of fact, by answer to the affidavit, conforming the proceedings, except in the particulars specified in the code, to the practice in ordinary cases.

This brings us to the ruling on the demurrer. Was that right?

The affidavit shows that, in pursuance of an election duly held for that purpose, Union township, of said county, had voted an appropriation of twenty-four thousand four hundred dollars in aid of the Indianapolis, Delphi and Chicago Rail-

road Company; that at their ensuing session, in June 1874, the board of commissioners granted the prayer of the petition for said election and appropriation, and levied a tax of one per cent., and at the June session, 1875, levied a like sum, on the property of the township; that in pursuance of the order of the board made at the September term, 1878, the treasurer of the county had collected of the taxes so levied the sum of six hundred dollars, being five hundred and seventy-five dollars in excess of the costs of the said election; that said railroad company had fully constructed its railroad through said township; that trains of cars have passed and do pass over the same through said township, and did before March 5th, 1879; that on the 5th day of March, 1879, at the regular March session of said board, the affiant filed a petition, stating the facts as herein alleged, and praying that the board subscribe for stock of said railroad company to the amount of tax so collected, less the expense of the election, to wit, $575, or, in the event they determine to make a donation in aid of the construction of said road, instead of taking stock, that they donate said sum; that, disregarding their duty in the premises, the said board refused to act on said petition, and refused to make the order prayed for or any other order, and refused to hear and determine said cause.

A number of objections are made to this affidavit, and questions are discussed in relation to the powers, duties and discretion of the board in respect to the subjects involved; but we do not find it necessary to consider them, though the more important have been already decided in the cases of *Reynolds* v. *Faris*, 80 Ind. 14, and *Faris* v. *Reynolds*, 70 Ind. 359.

It was the plain duty of the board to hear and grant or refuse the application of the appellee, so that he might prosecute his appeal or seek such other remedy as he should deem himself entitled to; and the board, having refused to entertain or act upon his petition, he was entitled to a mandate compelling them to proceed.

Whether the court ought to have ordered more than this, we need not decide, because no objection or exception to the order was taken, or motion made to modify it.

We are not to be understood as meaning that the hearing of the appellants' petition might not, for good cause, have been postponed or continued. It was the duty of the board to hear and determine, unless there was cause for postponement. The complaint alleges their failure and refusal to act upon the matter in any way, and if this is not true it should have been denied. The demurrer admits it.

Judgment affirmed, with costs.

Opinion filed at the November term, 1881.

Petition for a rehearing overruled at the May term, 1882.