The Board of Commissioners of White County *v.* Karp.

---

No. 10,607.

THE BOARD OF COMMISSIONERS OF WHITE COUNTY *v.* KARP.

COUNTY COMMISSIONERS.—*Right of Appeal.—Railroad Aid.*—A petition by a taxpayer to the county board, praying that money collected by taxation in his township to aid a railroad by taking stock, be applied accordingly, was refused by the board. *Held,* that the petitioner had the right of appeal to the circuit court.

BILL OF EXCEPTIONS.—*Transcript.—Striking out Pleadings.—Supreme Court.— Record.*—When the court strikes out a pleading, it ceases to belong to the record, and it can become a part of the record again only by being incorporated in a bill of exceptions, and if this be not done the clerk should not insert it in a transcript for the Supreme Court.

SAME.—A paper which is no part of the record, unless made so by bill of exceptions, must be found in the bill itself, else it will not be regarded by the Supreme Court. A mere reference in the bill to a paper, copied in the record, but which is not a part thereof by force of the statute, is not sufficient.

From the White Circuit Court.

*R. Gregory,* for appellant.

*N. O. Ross, A. W. Reynolds* and *E. B. Sellers,* for appellee.

ZOLLARS, J.—At the June session, 1882, of the board of

commissioners of White county, appellee, as a resident and taxpayer of Union township of said county, filed a petition with said board, stating therein that of the tax theretofore levied by said board on the taxable property of said township, to enable it to aid the Indianapolis, Delphi and Chicago Railroad Company in the sum of $24,400, in the construction of its railroad, by taking stock of the company, there had been collected, and was then in the treasury of the county, $15,800; that the railroad was, and had been, completed for more than three years, and that the passenger and freight trains had been running over the same regularly since its completion. The prayer is that the board subscribe to the capital stock of said Indianapolis, Delphi and Chicago Railroad Company, in the name of the township, the sum of $15,500, and pay therefor, at the time of taking, out of the money so collected and in the treasury.

After " due deliberation," the board refused to grant the prayer of the petition. From this decision appellee appealed to the circuit court. The proceedings in that court, so far as they need be considered in the decision of the questions discussed by appellant's counsel, are as follows: Appellant filed what is designated in the record a " cross complaint or interpleader," which was stricken out on motion of appellee, and appellant excepted. After the filing of a general denial by appellant, the cause was tried by the court, and a finding made in favor of appellee. A motion for a new trial was overruled, and judgment rendered, requiring the board of commissioners to subscribe, in the name of said Union township, $15,500 to the capital stock of the railroad company, and to pay for the same out of the funds in the county treasury, levied and collected for that purpose, upon the delivery of the stock of the company in that amount, in the name of the township. From this judgment appellant prosecutes this appeal.

The only points made in argument in this court by its counsel are: *First.* That appellee had no right of appeal from the decision of the board of commissioners; his only remedy be-

ing by a proceeding in mandamus; and, *Second.* That the court below erred in striking out the so-called cross complaint.

The first question is not really before us. To test that question appellant should have moved in the court below to dismiss the appeal. This it did not do.

A demurrer to the petition was filed in that court. That called in question the sufficiency of the petition, but not the right of appeal. We may notice in passing that no objection was made to the form or substance of the judgment, and in this court there is no argument or suggestion upon the sufficiency or insufficiency of the petition. All questions, therefore, as to the petition and the judgment, and all other questions not discussed by appellant's counsel, are waived. *Merrick* v. *Leslie,* 62 Ind. 459; *Powers* v. *Johnson,* 86 Ind. 298; *Jenkins* v. *Rice,* 84 Ind. 342. We think that, without doubt, appellee was entitled to an appeal from the decision of the board of commissioners. The question was not whether the board should act at all, as was the case when the matter of this appropriation was last before us in the case of *Pfister* v. *State, ex rel.,* 82 Ind. 382, but whether the action taken and the decision made was the correct one. In making that decision the board acted in a judicial capacity. From all decisions made when thus acting, there is a clear right of appeal. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *Fordyce* v. *Board, etc.,* 28 Ind. 454; *Smith* v. *Scearce,* 34 Ind. 285; *State, ex rel.* v., *Board, etc.,* 45 Ind. 501.

The record as made by the clerk contains statements that appellant filed a cross complaint and an amended cross complaint, which, on motion of appellee, were stricken out. A bill of exceptions contains similar statements, with a statement by the clerk that the cross complaint is set out in another portion of the transcript. On the pages referred to we find what purports to be a " cross complaint or interpleader." When stricken out the cross complaint ceased to be a part of the record until restored to it by a proper bill of exceptions. On appeal to this court, it was the duty of the clerk to set it.

out in full as a part of the bill of exceptions, if properly so made. It was not his duty to include it in the transcript, except as a part of the bill, and having done so does not constitute it a part of the record.

Not being a part of the record, we can not look from the bill of exceptions, where it belongs and is called for, to other portions of the transcript, where the clerk had no right to insert it. When a pleading or written instrument is a part of the record by force of the statute, and has been once copied into the transcript, and is referred to in the bill of exceptions, the clerk need not again set it out in full, but may refer to the page and line of the transcript where it may be found. When not thus a part of the record, such reference will not suffice. *Kesler* v. *Myers*, 41 Ind. 543; *Baker* v. *Arctic Ditchers*, 54 Ind. 310. In earlier cases we have pointed out the trouble and hazard that would result in a departure from this rule of practice, and need not repeat. It must be apparent to the profession. The cross complaint not being in the record is not before us, and in its absence we can not say that the court below erred in striking it out. We find no error in the record, and the judgment is therefore affirmed, at the costs of appellant.