BROSEE *v.* THE STATE.

A section in the R. S. 1852 was as follows: "If any person shall sell or give away intoxicating liquor to any minor, without the consent of his parent or guardian, or shall sell or give away intoxicating liquor to any person at the time in a state of intoxication, he shall be fined," &c. An act approved *March 4, 1853,* entitled "an act to regulate the retailing of spirituous liquors and for the suppression of the evils therefrom," contained the following section: "All laws on the subject of retailing intoxicating or spirituous liquor heretofore enacted, are hereby repealed." *Held,* that the latter section repealed the section in the R. S. 1852 quoted.

BROSEE
v.
THE STATE.

| 5 | 75 |
| 136 | 538 |
| 5 | 75 |
| 140 | 388 |

APPEAL from the *Vanderburgh* Court of Common Pleas.

*Thursday, May 25.*

PERKINS, J.—Complaint was made before a justice of the peace of *Vanderburgh* county against *Brosee,* for selling liquor to an intoxicated person. The case went by appeal to the Common Pleas. Judgment in that Court against *Brosee,* who brings the cause to this Court.

The prosecution was commenced and maintained under sec. 26, p. 435, R. S. 1852, vol. 2, which enacts that—

" If any person, by himself or agent, shall sell or give any intoxicating liquor to any minor, without the consent of his parent or guardian, or shall sell or give any intoxicating liquor to any person, at the time in a state of intoxication, he shall be fined," &c.

In 1853, the legislature passed an act, approved *March* 4, entitled "an act to regulate the retailing of spirituous liquors, and for the suppression of evils arising therefrom," the 19th section of which declares that, "All laws on the subject of retailing intoxicating or spirituous liquor heretofore enacted, are hereby repealed," &c.

This latter section, the appellant, *Brosee,* contends, repeals that under which he was prosecuted; while, on the other hand, it is contended that said section is not one upon the subject of retailing, and, hence, not within the operation of the repealing section of 1853.

We think the section copied from the statutes of 1852 relates to retailing—

1. Because there had been, for years before, a section

standing in the same relation, in the criminal code, forbidding the sale of intoxicating liquor to minors, without the consent, &c., and to intoxicated persons, which was always understood to relate to retailing; and it is reasonable to suppose, and in accordance with settled rules of construction to hold, that the legislature, in continuing said provision, intended to use the terms of the section in the sense in which they had been before used in legislating upon the same point.    See R. S. 1843, p. 980, sec. 95.

2. Any other interpretation, or a taking of the terms of the section in their literal, general sense, would lead to absurdity; and it is a settled rule, that where such would be the case, a more limited meaning must be given.    To illustrate.    A grocery keeper at a point back from *Evansville*, sends an order, accompanied by the cash, to a wholesale dealer in that city, for goods, including a barrel of whisky. He is drunk at the time; but the order is nevertheless filled by the *Evansville* merchant.    Is he liable to prosecution?

A minor commences business for himself.    He has no guardian.    It is every day's experience that such cases occur.    The minor is a steady, honest young man.    He purchases at a wholesale house in *Evansville*, goods, including a barrel of brandy.    Is the wholesale dealer making. the sale liable to be fined?

We see from these illustrations that the selling intended by the statute in question, was one to the person to be used (be probably drank by him, or his comrades) at the time and place of purchase—a retailing.    Such were the transactions to be prevented.    We think there can be no doubt about it.

The section, then, being upon the subject of retailing, was repealed by the liquor act of 1853, an act avowedly designed to cover the whole ground of liquor selling.

It may have been an unfortunate omission in the act, in failing to provide for such cases as the present, but the remedy is with succeeding legislatures.

*Per Curiam.*—The judgment is reversed.

*J. E. Blythe* and *J. Lockhart*, for the appellant.

*M. S. Johnson*, for the state.