No. 10,054.

## BURKAM v. THE STATE, EX REL. MILLER ET AL.

GUARDIAN AND WARD.—*Suit on Bond.*—*Husband and Wife.*—*Parties.*—Under the civil code of 1852, 2 R. S. 1876, p. 36, sec. 8, p. 313, sec. 794, husband and wife could be joined as relators in a suit upon her guardian's bond, or she could sue alone as relator.

SAME.—*Infant Wife.*—*Evidence.*—There can be no recovery by an infant wife against her guardian on his bond for failure to account and pay over money in his hands as such, without proof that her husband was of full age when the suit was brought.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellant.

*W. H. Bainbridge* and *W. S. Holman,* for appellees.

Burkam *v.* The State, *ex rel.* Miller *et al.*

NIBLACK, J.—Action by the State, on the relation of Eliza A. Miller, formerly Eliza A. Guard, and her husband, Jacob H. Miller, against Daniel M. Guard as principal, and Timothy Guard, Jr., Hiram Guard and Joseph H. Burkam, as sureties, on a guardian's bond.

All the defendants except Burkam made default. Burkam first demurred to the complaint, but, his demurrer being overruled, he answered in several paragraphs, upon which issue was joined. A verdict was rendered in favor of the plaintiff, assessing the damages of the relators at the sum of $3,237.88. A new trial was denied, and judgment was rendered against all the defendants.

Burkam alone prosecutes this appeal, and he presents questions upon the sufficiency of the complaint, and upon the refusal of the court to grant a new trial.

The complaint charged that, at the April term, 1873, of the court below, the defendant Daniel M. Guard, who was then the guardian of the relatrix, Eliza A. Miller, was ordered within a specified time to file a new bond as such guardian; that, on the 19th day of July, 1873, being the same day on which such order was made, he, the said Daniel, with his co-defendants as his sureties, executed and filed, with the approval of the court, a new bond as such guardian, in the penal sum of $5,500; that, on the 11th day of June, 1877, there was and then remained, in the hands of the said Daniel as such guardian, after deducting all proper credits, the sum of $2,-373.78; that the relatrix Eliza A. Miller was then married to her co-relator, Jacob H. Miller, who was a man of full age, that is to say, was a man more than twenty-one years old; that there had been a breach of the bond so executed and filed as above set forth in this, that the said Daniel had converted to his own use the moneys received by him as guardian of the said Eliza, that there had been a further breach of said bond in this, that, since the marriage of the said Eliza with the said Jacob H. Miller, he, the said Daniel, had failed and refused to account to the relators, and to pay over to them or

either of them the moneys in his hands belonging to the said Eliza. Wherefore judgment was demanded for said sum of $2,373.78, with interest and ten per cent. penalty thereon.

The objection made to the complaint is that the facts charged in it do not show any cause of action in Jacob H. Miller; that, by the marriage of the said Eliza, the ward, to him, the guardian only became liable to account to her with his, the said Jacob's, assent, and that, consequently, he acquired no right of action by his marriage with his co-relatrix. 2 R. S. 1876, p. 591, sec. 12.

This action was commenced under the code of 1852, and under that code the wife, in a case like this, had the right to sue alone, or, in her discretion, to join her husband with her as her co-relator. 2 R. S. 1876, p. 36, sec. 8, p. 313, sec. 794; *Griffin* v. *Kemp*, 46 Ind. 172. The objection made to the complaint can not, therefore, be sustained.

The evidence is very voluminous, but much of it appears to us to have been directed to matters immaterial to the real issues involved at the trial. Most of the evidence was seemingly directed to the question as to whether certain persons, to whom the assets in the hands of the guardian were loaned, were solvent at the time the loan was made, and if not, then as to the time at which such persons probably became insolvent.

There was no evidence, to which our attention has been directed, either proving or tending to prove that the guardian had converted any of the assets in his hands to his own use. This action was commenced several months before the time of the trial, and there was evidence showing that the relator Jacob H. Miller was over the age of twenty-one years when the cause was tried, but none either showing or tending to show that he was of full age when the action was commenced. Some of the most material allegations of the complaint were, consequently, not sustained by the evidence. It follows that the court erred in refusing to grant a new trial.

The judgment is reversed, at the costs of the relators in the action, and the cause remanded for a new trial.

Petition for a rehearing overruled.