Filed Jan. 24, 1894.

---

No. 17,006.

THE BOARD OF COMMISSIONERS OF VIGO COUNTY v. DAVIS ET AL.

COUNTY COMMISSIONERS.—*Appeal From.*— *When Such Right Exists.*— *Judicial Act.*—*Discretionary Act.*—Where the duty of a board of county commissioners involves judicial action, an appeal lies from its judgment, unless such right is denied expressly, or by necessary implication from the statute creating the duty; but when that duty does not involve judicial action, but consists in the performance of administrative, ministerial, or discretionary powers, no appeal lies from such action, unless it is expressly authorized by statute.

SAME.—*Discretionary Act.*—*Appeal.*—*Circuit Court and Superior Court Judges.*—*Salaries.*—*Increase of.*—*Statute Construed.*—The act of the board of commissioners, under the act of March 4, 1893, fixing the salaries of judges of the circuit and superior courts, and providing for an increase of salary in certain cases, is final and conclusive when in compliance with the provisions of the act, from which no appeal lies, the fixing of the amount of the allowance, if any, being discretionary with the board.

STATUTORY CONSTRUCTION.— *When May is Construed to be Equivalent to Shall.*—In construing a statute the word *may* may be construed as the equivalent of *shall*, but this can not be done where it is evident that the act conferred discretionary powers, nor where it is not evident, from the whole act, that the legislative direction is mandatory.

SAME.—*Public Interests.*—*Private Interests.*—The rules of statutory construction require that legislation, in which the public at large are interested, should be liberally construed, and that legislation grant-

ing powers or privileges to individuals, for their own advantage, should be strictly construed.

Dissenting opinion by McCabe, J.

From the Vigo Superior Court.

*S. R. Hamill*, for appellant.

*I. N. Pierce* and *S. B. Davis*, for appellees.

HACKNEY, J.—The appellees, twenty-one in number, proceeding under the act of the General Assembly, approved March 4th, 1893, Acts 1893, p. 341, petitioned the appellant, representing that the salaries, as provided by law, of the Honorable David N. Taylor, judge of the circuit court of Vigo county, and Honorable Cyrus F. McNutt, judge of the superior court of said county, were inadequate compensation for their services as such judges, and that such salaries should be increased as to each of said judges in the sum of fifteen hundred dollars. The petitioners prayed a hearing, as provided in said act, and that said salaries be so increased.

Such proceedings were had before said appellant that, after hearing evidence, the prayer of the petition was denied.

From this ruling of the board the petitioners appealed to the superior court, where the petition was heard by a special judge, and the prayer thereof was granted.

From the judgment of the Superior Court, this appeal is prosecuted, and several errors are assigned, one of which alleged errors is in the action of said superior court in overruling the motion of the appellant to dismiss said appeal from the action of the board. The alleged reason for the dismissal of said appeal was that no appeal would lie from the said action of the commissioners.

The character and effect of the action of the commissioners is also presented by the appellee's motion to dis-

miss this appeal, and we find it our duty at the threshold of this controversy to determine this question, for upon it depends the jurisdiction of this court. It is manifest that if no appeal could lie from the action of the commissioners the superior court had no jurisdiction, and its proceedings can not be reviewed here.

Where the duty of the commissioners involves judicial action, an appeal lies from its judgment, unless the right of appeal is denied expressly or by necessary implication from the statute creating the duty. Where that duty does not involve judicial action, but consists in the performance of administrative, ministerial, or discretionary powers, no appeal lies from such action, unless it is expressly authorized by statute. Bunnell v. Board, etc., 124 Ind. 1; Farley v. Board, etc., 126 Ind. 468; Platter v. Board, etc., 103 Ind. 360; Waller v. Wood, 101 Ind. 138; Board, etc., v. State, ex rel., 106 Ind. 270; Padgett v. State, 93 Ind. 396; O'Boyle v. Shannon, 80 Ind. 159; Grusenmeyer v. City of Logansport, 76 Ind. 549; Baltimore, etc., R. R. Co. v. Board, etc., 73 Ind. 213; Sims v. Board, etc., 39 Ind. 40; Moffit v. State, ex rel., 40 Ind. 217; Bosley v. Ackelmire, 39 Ind. 536.

To which class the case in hand belongs must be determined from the act of the Legislature, under which these proceedings were had, and to that end we set out the act, which is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, That the salaries of the judges of the circuit and superior courts of this State shall be twenty-five hundred dollars annually, payable quarterly out of the State treasury: Provided, That in all judicial circuits of this State containing any city which had a population of more than thirty thousand, as shown by the last preceding United States census, whenever twenty or more resident freeholders of the county in which such

city is situated shall, by their petition, filed with the board of commissioners of such county, represent that the annual salary of the judge of said circuit or superior court, as otherwise provided by law, is not an adequate compensation for the services of such judge, and should be increased in a sum to be specified in such petition, then it shall be the duty of the board of commissioners of such county, in open session, without delay, and at either a regular or special term of such board, to consider such petition and hear evidence thereon, and thereupon within the limits of such evidence, but in no event in excess of the sum of fifteen hundred dollars, or in excess of the sum specified in such petition, such board of commissioners may, by entry of record, fix and allow a certain sum as an addition to or increase of the annual salary of the judge of such circuit or superior court.

"Sec. 2. Upon such allowance being made by such board of commissioners, the sum so allowed shall be payable only out of the treasury of the county in which such petition is required to be filed, and shall be payable quarterly upon warrants drawn by the auditor of such county upon the treasurer thereof, and from and after the date of such allowance by such board, the same shall be held as an addition to the annual salary of such judge, as otherwise fixed and provided by law, and shall not be diminished during the term of office of such judge; and any such allowance, and the proceedings of any board of commissioners in relation thereto, if in compliance with the provisions of this act, shall be final and conclusive."

The third section declares an emergency.

Several features of the act indicate to our minds the intention of the Legislature to commit to the board of commissioners a discretionary power as to the increasing of judges, salaries, and not as conferring a power the exercise of which could be held mandatory.

The language of the act is permissive in that it entrusts to the board a discretion as to the amount to be fixed as representing the increase of salary. The language is that "such board  *  *  *may* fix and allow a certain sum." The word *may* has, in some instances, been construed as the equivalent of the word *shall*, but in no instance, to which our attention has been called, where it was evident that the act, from other points of view, conferred discretionary powers, nor where it was not evident from the whole act, that the legislative direction was mandatory.

The application of the rule that *may* is to be interpreted for *shall* depends on what appears to be the true intent of the statute, and the ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provision. Sedgwick's Con. Stat. and Const. Law, p. 377; *Minor* v. *Merchants' Bank*, 1 Peters, 44.

It is earnestly contended by counsel for appellees, that the act does not contemplate adversary parties or proceedings in the sense that claims against counties are prosecuted. If it were conceded that this construction is correct, it but argues that the Legislature did not intend to deprive the commissioners of discretion in the matter of granting an increase of salary in any sum.

The legislative grant of power to increase salaries certainly involved the duty of judging of the wisdom and propriety not only of the amount to be added, but as to whether any addition should be made. If this duty was not placed upon the commissioners, it had but one other place to rest, and that was upon the twenty petitioners. We can not bring ourselves to the belief that the Legislature intended to place the authority with the petitioners of judging conclusively that an increase of salary was proper, and that the only duty or power of the commis-

sioners was to adjudge the will of the petitioners, with the incidental right to fix the amount of the additional salary.

Another indication of the legislative intent to bestow a discretionary power upon the commissioners is found in the last clause of the second section in these words: "Any such allowance, and the proceedings of the board of commissioners in relation thereto, if in compliance with the provisions of this act, shall be final and conclusive."

What shall be final and conclusive? Not only the sum fixed, but the proceedings of the board in relation thereto.

But, it is said, such provision must be held not to imply a discretionary power, but as guarding the proceedings and the result from collateral attack, or from being questioned except by direct proceeding, such as on appeal. To this contention is cited the case of *Grusenmeyer* v. *City of Logansport, supra*, and while we observe that the reasoning of the learned and able judge who wrote the opinion in that case would support the contention here, yet such question was not before the court in that case, and, of course, the value of the case as authority depends upon the question decided, and not upon the argument, illustrations, or reasoning of the judge, when not directed to the point in dispute. See *State, ex rel.,* v. *Hyde,* 129 Ind. 296.

In that case the language of the statute standing in the place of the clause here quoted was that the "order shall be conclusive in all suits by or against such incorporation." It was there said that such provision "should not be regarded as an implied denial of the right of appeal," and with the conclusion reached we fully concur. We think it manifest that the expression there employed

was designed to protect the incorporation proceedings from collateral attack.

The order was made "conclusive in *all suits by or against such incorporation*," and it could not be implied that the order of incorporation was one of the suits concluded. The statute under investigation in this case is of a widely different character. The allowance, if any, is "final and conclusive," and the proceedings in relation thereto, regardless of the function involved, whether judicial, administrative, or ministerial, are "final and conclusive."

This provision is not confined to other suits, but is sweeping in its effect, so far as the particular proceeding is concerned. None of the force of this construction is lost by considering the words, "if in compliance with this act," for the reason that if not in compliance with the act such proceedings would be as vulnerable to collateral attack without such words. Nor could this provision, as to the conclusive character of the proceedings, have been intended to create an obstruction to such litigation as might reduce the allowance made, since by another provision of the act such a contingency is provided for. It is equally true that the provision was not intended to operate as a former adjudication against granting an increase within the limits of the maximum sum, because the intention of the act is to provide compensation at any time in proportion to the service performed. To construe the clause as denying the right of appeal and as entrusting the power of fixing salaries, within such limit, leads to the rational conclusion that the Legislature would not deem it necessary or even prudent to guard the proceedings against collateral attack when the law is firmly settled and no longer in question that such proceedings could not be the subject of collateral attack, if conducted according to the provisions of the act.

In view of the now generally accepted doctrine that mere irregularities furnish no ground for collateral attack, and that where jurisdiction exists it will be presumed in all other proceedings to have been properly exercised, we can not agree with the contention that the Legislature ignored this doctrine as existing independent of the act, and then unnecessarily re-established it for the purposes of this special proceeding.

The appellees urge, as we have said, that the statute does not create an adversary proceeding, and this conclusion is obvious.

The petitioners, not parties in immediate interest, invoke the power of the board. The power is not so exercised as to constitute an allowance in favor of any party to the record. A definite sum is not directed to be allowed, but a limitation is placed upon the sum which may be allowed. The board is the financial agent of the county, its power being supervisory as to the expenditures of the county, as to the levying of taxes and as to provisions to meet the county's obligations, such is the effect of our form of local government, and the Legislature will be presumed to have acted with reference to this rule unless it is expressly, or by necessary implication, provided that an exception shall exist. The act under consideration does not create an exception to the general rule.

If the obligations and the resources of the county were to form no part of the consideration of the question of increasing salaries, there was no occasion to have delegated the legislative power to the board to fix such salaries.

The statute under consideration confers the power upon the board to bind the county as by contract, and should be strictly construed. Robinson's County and Township Officers, section 38, and authorities there cited.

Rules of construction applicable to legislation, in which the public at large are interested, require liberality, while, with reference to legislation granting powers or privileges to individuals, for their own advantage, require strict construction as against such individuals. *Ryan* v. *Vanlandingham*, 7 Ind. 416 (422); *Bradley* v. *New York, etc., R. R. Co.*, 21 Conn. *294.

As granting the prayer of the petition without discretion on the part of the board, the act would require liberal construction in favor of the individual rights and strict construction as against the public rights. But it is insisted that the action of the board in the hearing of evidence, as required by the Legislature, is in its nature judicial, and that, therefore, an appeal lies from such action.

While it would appear anomalous to grant the right of appeal to the petitioners, where they fail, and to permit no adversary party—not even the board—with the right of appeal where the petition is granted, yet such is the effect of this contention.

While not denying the power of the Legislature to so enact, we must observe that such unusual and extraordinary purpose should clearly appear, and should not result from a strained construction. But, for the purpose of the question urged, let us concede that the action of the board is judicial in its character, and then, if we are correct in our conclusion that the clause of the second section making its action final and conclusive precludes an appeal, we have the exercise by the Legislature, of a power certainly possessed, whereby the right of appeal is cut off, even in a proceeding judicial in its character. But we do not hold that the hearing so provided involves judicial action.

In *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169, it is said: "A judicial act then, must be an act performed

by a court, touching the rights of parties, or property, brought before it by voluntary appearance, or by the prior action of ministerial officers.''

This definition has been accepted and followed by this court many times, and under it there would seem to be no judicial action where the parties whose rights are to be affected are not before the court. See *Pennington* v. *Streight*, 54 Ind. 376.

In considering the effect of conferring the power to hear and examine, and as to whether such power was necessarily judicial in its character, it was said, in *Wilkins* v. *State*, 113 Ind. 514 (518): ''If the appellant were correct in his assumption, then every school examiner who examines an applicant for license, every clerk who accepts and acts upon an affidavit, every auditor who accepts an abstract of title when he loans school funds, and every officer who approves a report, would exercise judicial functions. That they do in some degree act judicially is true, and so does every officer, from the governor to constable, who is invested with discretionary powers; for the governor, when he issues a requisition for a fugitive from justice, decides many things; and the constable, when he executes a writ or warrant, exercises a discretion; but no one of these officers exercises judicial judgment in the sense that a court or judge does.'' And, it is there further said, in quoting from *Flournoy* v. *City of Jeffersonville, supra:* ''An act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act.'' See also, *State, ex rel.*, v. *Johnson, Aud.*, 105 Ind. 463.

By sections 2637, 2638, R. S. 1881, the boards of commissioners of the different counties are charged with the duty of directing, by order of record, what classes of animals may run at large and pasture upon the unin-

closed lands and public commons. The parties interested are not required to appear before the board, and the rights of individuals are affected by a compliance with the duty so charged, but this court held that in the performance of such duty the board acted in their administrative and not in their judicial character. *Farley* v. *Board, etc., supra.*

The case nearest in parallel with this question that we have been able to find, is where the county board, by statute, R. S. 1881, section 4993, is constituted a board of health, and is charged with the duty of choosing a secretary and fixing the compensation for his service. The performance of that duty is held to involve no judicial action, but to consist in the exercise of discretionary powers, and that no appeal lies in the absence of special statutory provision. *Waller* v. *Wood, supra.*

It is there said: ''The amount of compensation is a mere matter of discretion with the board of health, and from a decision made in matters of discretion, no appeal lies. *Sims* v. *Board, etc.*, 39 Ind. 40; *Moffit* v. *State, ex rel.*, 40 Ind. 217; *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549.''

But, as stated, it is unnecessary to our conclusion that we should find the action of the board not to involve judicial action.

The fixing of the amount of increase in the case before us is, as we have already stated, discretionary. The object of hearing testimony is not to require an allowance, but to enable the board to exercise its discretion with a knowledge of the value of the service of the judges, a knowledge which it could not be presumed the board possessed.

Believing, as we do, that the judiciary of the State is not sufficiently compensated, and that the State is less

liberal with her judges than States of like character, we regret that our duty requires us to disagree with the position of the counsel for the appellees, which would secure for two able, diligent, and conscientious judges a better reward for their labors.

As we view the question before us, we are constrained to hold that no appeal lies under the statute under consideration.

The appeal is therefore dismissed.

Filed Jan. 11, 1894.

## DISSENTING OPINION.

McCABE, J.—I am unable to concur in the conclusion reached in the foregoing opinion. It is contended that there is no right of appeal from the action of the board of commissioners to the superior court, and, therefore, that there was no jurisdiction in the latter court, and hence none in this court, and so I understand the prevailing opinion to hold.

This contention is based on the concluding clause of section two of the act (Acts 1893, p. 342), which, referring to the allowance and proceedings of the board, provides that "if" such proceedings are "in compliance with the provisions of this act" they "shall be final and conclusive." The words "final and conclusive" either have reference to the right of appeal, or they do not. Let us suppose that they do have reference to the right of appeal. If that is the real meaning the Legislature intended the words to have, then it follows that it was intended thereby to deny the right of appeal from the action of the board of commissioners to some extent.

To what extent? The only reasonable answer is that the appeal is denied to the extent that the allowance and the proceedings of the board in relation thereto are in compliance with the provisions of the act, because the

language of the whole clause reads thus: ''And any such allowance, and the proceedings of any board of commissioners in relation thereto, if in compliance with the provisions of this act shall be final and conclusive.'' So that the final and conclusive character of the allowance and proceedings is conditional, and so, if the words, as we have supposed, were intended to deny the right of appeal, then that denial is only conditional; and the condition upon which the denial operates is that the allowance and the proceedings of the board in relation thereto are in compliance with the provisions of the act. In such case, the appeal is denied, if our supposition is true, only where the allowance and the proceedings are in compliance with the provisions of the act. Where such allowance and proceedings are not in compliance with the provisions of the act, the right of appeal is not denied. And the right of appeal not being denied by that act where the allowance and proceedings are not in compliance with the provisions thereof, in such cases the general law applicable to appeals from boards of commissioners would apply. It provides that ''From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved.'' R. S. 1881, section 5772.

Now, let us inquire what the result of this construction is? The manifest result is that the class of cases in which an appeal is not denied and which, therefore, may be prosecuted, are left undefined and unascertained.

Whether, in a given case, the appeal has been denied by this statute does not depend upon the statute alone, but upon the statute and evidence *aliunde*. Whether the appeal has been denied, and, therefore, whether any appeal lies in a given case, if our supposition is true, must depend not so much upon the statute as it does upon the acts of the board and their proceedings, not their pro-

ceedings that appear of record only, but all their proceedings, both those appearing of record and those not so appearing. It will not do to say that the reference is to such proceedings as appear of record only, because about the only thing that could appear on the face of the record, showing that the proceedings were not in compliance with the act, would be where the petition was not signed by the requisite twenty freeholders on which an allowance had been made, or that the allowance was for a sum in excess of the statutory limit of $1,500.

In either event, the allowance would be void for want of jurisdiction. An appeal in such a case is wholly unnecessary to afford relief against such void judgment. Therefore, it is unreasonable to suppose that the Legislature would make no provision for the correction of errors and irregularities however gross, and against which no relief can be had without appeal, and at the same time provide for relief by appeal where it was wholly unnecessary to secure that relief. So, therefore, I hold that relief is provided against errors and irregularities. Who, then, is to tell and who is to determine the preliminary question whether the allowance and proceedings are not in compliance with the act in order to secure the right of appeal? It can not be left to the complaining party to decide, because that would be to allow a party to sit in judgment in his own case; and it can not be supposed that the Legislature ever intended to authorize any such anomalous proceeding. There is no one, then, to whom it can be supposed the Legislature intended to delegate such power, except the judge of the court to which the appeal is taken. And this leads me to inquire into the theory of the appellees, that, as they contend, the Legislature meant by this statute to authorize a special right of appeal by the party aggrieved, making a showing either by affidavit or oral proof of extraneous facts to

show that the proceedings of the board had not been in compliance with the provisions of the act. When is that showing to be made? If made before the transcript is filed, the court can not act on it, because there is no case before the court, there is no jurisdiction, and no judicial action can be taken until the transcript is filed to give the court jurisdiction to take any judicial step in the case. In other words, according to general principles, the appeal from the board to the superior court must be perfected before the superior court can acquire jurisdiction to take any step in the case. Otherwise the superior court must proceed to solemnly adjudicate and determine the rights of parties not before it, and judicially determine the right of appeal in favor of one of the parties and against the other on an *ex parte* affidavit, or a mere oral statement under oath without a complaint, writ, or record. To suppose the Legislature intended to authorize such an unheard of proceeding is to suppose that they were bereft of reason and intelligence.

The only escape from such a result in upholding appellees, contention is to assume that the Legislature meant to authorize the court to which the appeal is taken, to entertain the inquiry as to whether the proceedings before the board had been in compliance with the act after the transcript had been filed in the superior court. That, however, would not help matters any unless the appeal had been perfected, and perfecting the appeal would still not clothe the superior court with jurisdiction, unless the appeal was authorized by law. But, suppose I am wrong in this, and that the transcript may be filed, and that then the superior court can enter upon the inquiry whether the proceedings had been in compliance with the provisions of the act or not. When and how is the trial of that question to take place? According to appellees, contention the inquiry may extend to the

question whether the board had proceeded in compliance with the act in deciding in accordance with, or contrary to, the evidence, as well as to determine whether they had complied with the law in other respects. And I think this is true. Because, if the statute intended to authorize an inquiry as to whether the proceedings of the board were in compliance with the act, then as the scope of that inquiry is left wholly unlimited by the language of the act it necessarily follows that the inquiry extends to the question whether the decision of the board on the evidence was in compliance with the provisions of the act or not.

The query then arises, how and when is that question to be tried? Is it to be preliminary to a trial on the merits, that is, to be in advance and previous to the trial on the merits? If so, then the merits will have to be tried twice, before the superior court, because if it must be determined first that the board did not comply with the provisions of the act in their decision on the facts, then the facts must be tried twice on the appeal; once to determine whether an appeal lies, and if it is found that the board did not comply with the act in the decision on the evidence, and, therefore, that the appeal lies, then it must be tried again by the superior court to determine the case on the merits.

The first trial, of course, would necessarily be confined to the evidence that was adduced before the board, because no other or additional evidence than such as was before the board could be adduced on the first inquiry; and on the second trial, if it was found that the appeal would lie, additional evidence might be introduced. If this is not true, then it necessarily follows that the court must proceed to try the merits and the jurisdictional question, both at one and the same time, that is, the

court must proceed to try the merits before its jurisdiction is established.

Such is the result of the construction of the act which holds that it was intended thereby to deny the right of appeal.    To say that such a result is absurd is to very mildly characterize it.    To say that the framers of the act, and the Legislature, in passing it, intended such a result is to honor them with an originality of thought that never before entered the mind of a law-maker.    And that is the inevitable and only result that can logically follow the construction contended for by appellees in support of their theory of a special right of appeal.    It is the only result that can logically follow the construction that the right of appeal is denied by the act at all.

If the words "final and conclusive" have reference to the right of appeal, then the words, "if in compliance with the provisions of this act," found in the same clause immediately preceding and closely connected therewith, must necessarily have reference to the same thing.

Sutherland on Stat. Con., sections 222, 223, says: "A proviso is something engrafted upon a preceding enactment, and is legitimately used for the purpose of taking special cases out of a general class.    *    *    The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it unless it clearly appears to have been intended to apply to some other matter.    It is to be construed in connection with the section of which it forms a part, and it is substantially an exception.    If it be a proviso to a particular section, it does not apply to others unless plainly intended.    *It should be construed with reference to the immediately preceding parts of the clause to which it is attached.*    In other words, the proviso will be so restricted in the absence of anything in its terms,

or the subject it deals with, evincing an intention to give it a broader effect.''

The proviso here is not arranged as provisos are generally arranged by being placed at the end of the clause in which it is found, but it is placed in the middle of the clause upon which it is to operate. It would have been more orderly to have placed it at the end of the clause. But for the purposes of the question whether its application shall be limited to the clause wherein it is found, the reason for so limiting it is fully as strong, if not stronger, than if it had been placed at the end of the clause.

But I need not resort to the rules of construction to confirm the construction I put upon this clause of the act, because, as was said in *Storms* v. *Stevens,* 104 Ind. 46 (50), by this court that: ''In the construction of statutes, the prime object is to ascertain and carry out the purpose and intent of the Legislature. To do this, the words used in the statute should be first considered in their literal and ordinary signification. * * * The canons of construction require that every word, phrase and clause of a statute shall be given effect, if possible.''

''But,'' says Sutherland on Stat. Con., at section 237, ''first of all * * if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation. The statute itself furnishes the best means of its own exposition.''

To the same effect is Endlich Int. Stat., section 4.

The same author, at section 265, says ''that every clause and word of a statute is presumed to have been intended to have some force and effect.'' Endlich Stat. Con., section 23.

Says Sutherland on Stat. Con., section 215: "Exceptions, provisos, interpretation, repealing and saving clauses are often introduced to restrict or qualify the effect of general language."

So, then, according to these settled rules of construction, we must presume that the Legislature intended the language, "if in compliance with the provisions of this act," to have some meaning, force, and effect. And when the clause is put together, its meaning is so plain that interpretation is wholly unnecessary. That is, if the words, "final and conclusive," have reference to the right of appeal at all, then the condition or proviso restricts and qualifies the effect of these words, or if the words "final and conclusive" have reference to something else than the right of appeal, then the condition or proviso likewise restricts and qualifies the force and effect of the words no matter what it is that they have reference to.

So, therefore, if the words "final and conclusive" have reference to the right of appeal, and it was intended thereby to deny such right, then the condition or proviso, "if in compliance with the provisions of this act," was intended to qualify and restrict such denial of the right of appeal to such cases only as those wherein the allowance and the proceedings in relation thereto had been in compliance with the provisions of the act.

It is, therefore, very clear, both upon reason and authority, that if the words "final and conclusive" have reference to the right of appeal, and deny such right, the conclusion follows, irresistibly, that such denial is restricted by the proviso so that the appeal is only denied in such cases as fall within the proviso or condition. If this is not so, then what does the condition or proviso mean? If it does not refer to the right of appeal and restrict the denial thereof, then it can refer to nothing

else, unless the words "final and conclusive" have no reference to the right of appeal at all. Whatever the latter words have reference to, the condition or proviso refers to the same. If we were even to concede that the language denies the right of appeal in all cases falling within its terms, it could not cut off the right of appeal in this case.

What is it that is made "final and conclusive"? It is "any such *allowance* and the *proceedings* of any board of commissioners in relation thereto," and nothing else.

In this case, there was no such *allowance*, and there was no *proceedings* of the board of commissioners in relation thereto.

Why, then, say the right of appeal in this case is denied by the act?

Admitting, to the fullest extent, that the language employed in the statute was intended to deny the right of appeal in all cases falling within its terms, yet it would be such a broad stretch of that language to hold that the right of appeal is denied where there is no allowance, and where there are no proceedings in relation to such allowance, with all due respect and deference for the opinion of my brethren, as seems to me little less than judicial legislation.

Such a holding can only be justified by interpolating words into the statute that are not there, or by striking out words that are there.

I am not unmindful of the rule so well expressed by Mr. Sutherland in his work already referred to, that "Not only may the meaning of words be restricted by the subject-matter of an act, or to avoid repugnance with other parts, but for like reasons they may be expanded." Sutherland Stat. Con., section 219.

There is nothing in the subject-matter of the act, as to its general scope, purpose or intention, nor is there any

repugnance of the language under immediate mention with other parts of the act, requiring the words under consideration to be restricted or expanded to conform to the general intent, or to avoid repugnance.

Says the same author, section 238, "When the meaning of a statute is clear, and its provisions are susceptible of but one interpretation, that sense must be accepted as the law; its consequences, if evil, can only be avoided by a change of the law itself, to be effected by the Legislature and not by judicial construction. But an interpretation of a statute which must lead to consequences which are mischievous and absurd is inadmissible if the statute is susceptible of another interpretation by which such consequences can be avoided. For this purpose, all parts of a statute are to be read and compared. Still, when the words of a provision are plainly expressive of an intent not rendered dubious by the context, no interpretation can be permitted to thwart that intent; the interpretation must declare it, and it must be carried into effect as the sense of the law."

Nor can I concur with the prevailing opinion that a strict construction should be adopted concerning the right of appeal. ●

In *Houk* v. *Barthold*, 73 Ind. 21, involving the right of appeal from the county board, Elliott, J., speaking for the court, said: "The right of appeal from final judgments of inferior tribunals is one which ought not to be abridged by strict construction, but, on the contrary, should rather be extended, for the provisions of the statute conferring it are clearly remedial."

To the same effect are Endlich Int. Stat., section 108; Sutherland on Stat. Con., sections 207, 346, 348.

But, if we even concede that the words of the act already quoted have reference to the right of appeal, and adopt a *strict* construction of the entire clause as laid

down in the prevailing opinion, and adhere to the strict letter of the statute, then the right of appeal from the board of commissioners in this case is not denied by the statute, because there was no allowance in this case made by the board. The language is, "and any such allowance, and the proceedings of any board of commissioners in relation thereto, if in compliance with the provisions of this act, shall be final and conclusive."

It is the *allowance* and the *proceedings* in *relation* to *such allowance* that are made final and conclusive, and not the *disallowance* and the proceedings in relation thereto.

A strict adherence to the letter of the act can not result in the denial of the right of appeal to the superior court, because there is no language in it that can be tortured into meaning that the action of the board shall be final and conclusive where, as here, no allowance has been made, and there are no proceedings of such board in relation to such an allowance.

I concede that such a result is both absurd and unjust. Absurd, because an appeal is denied by the act where the allowance is made, and where no allowance is made there is no denial of an appeal, and, by the general statute already referred to, an appeal is authorized. R. S. 1881, section 5772.

Such result is unjust, because an appeal will lie and is authorized where no allowance has been made, but where an allowance has been made, the heaviest taxpayer in the county can not appeal.

There might have been an allowance in this case of three thousand dollars saddled onto the tax-payers of the county, and all the tax-payers of the county combined could not have appealed from such allowance, and yet where no allowance is made the petitioners may appeal. In other words, construing the words "final and con-

clusive" to have reference to the right of appeal, it results in the absurdity and injustice of allowing the right of appeal where no allowance is made, and denying such right where an allowance is made.

What framer of the act, with ordinary intelligence, and what legislator, could have conceived the thought of so many absurd results, and so many unjust results, as I have pointed out above, and which inevitably must follow that construction which makes the words "final and conclusive" to mean a denial of the right of appeal. It puts the whole act out of joint and makes it incongruous with itself; it makes it impracticable, mysterious, and hard to understand, as any piece of work will generally be, and any statute will be when the attempt is made to use or apply it in mode never designed by its maker or author.

Since the construction adopted by the prevailing opinion produces absurd and unjust consequences, the canons of construction require us to look for some other construction as the one probably in the mind of the Legislature.

The words "final and conclusive" do not necessarily, nor, indeed, ordinarily, have reference to the right of appeal in a statute like the one under consideration. The act provides that "whenever twenty or more resident freeholders of the county   *   *   shall, by their petition, filed with the board of commissioners of such county, represent that the annual salary of the judge of said circuit or superior court, as otherwise provided by law, is not an adequate compensation for the services of such judge, and should be increased in a sum to be specified in such petition, then it shall be the duty of the board   *   *   to consider such petition and hear evidence thereon, and thereupon within the limits of such evidence, but in no event in excess of the sum of $1,500, or in

excess of the sum specified in such petition, such board * * may, by entry of record, fix and allow a certain sum as an addition to or increase of the annual salary of the judge of such circuit or superior court."

It will be observed that it is provided that the board *shall* take the action therein required whenever *twenty or more freeholders* of the county petition the board, etc.

Now, it would be very absurd, indeed, if the Legislature, in this language, meant literally just what they have said, without any qualification or restriction. If they have, then twenty freeholders can petition the board, at this term, to make such an order and go through the trial and hearing of the evidence, which is followed by an entry of record of an allowance, or a refusal to make such an allowance. And at the next term, or, in the language of the act, "whenever" another twenty or more freeholders who may be dissatisfied with the first order, can, by a petition, compel the commissioners to go through the same performance again, and so on to the end of the list of freeholders in the county. Because, as admirably stated by Sutherland on Stat. Con., section 238, that "One who contends that a section of an act must not be read literally, must be able to show one of two things: either that there is some other section which cuts down or expands its meaning, or else that the section itself is repugnant to the general purview."

It will hardly be claimed by any one, that the section last quoted is repugnant to the purview, because itself constitutes the principal part of the act. We have already seen that it is one of the canons of construction that an absurd result flowing from a particular construction makes it the duty of the court to explore the act, and find, if possible, some other construction as the one more probably in mind by the law-maker. The absurd

result which the literal reading of the section just quoted leads to is clearly and plainly counteracted and avoided by the clause of section 2 that we have quoted.

In order to obviate the absurd and undesirable result of allowing a fresh petition by twenty new freeholders, to be filed after one had been passed upon by the board, and thus compel a retrial of the same question times without limit, it is provided that the proceedings shall be "final and conclusive."

Now, if these words were used by the Legislature to cut off the right of appeal then they were not used to restrain or cut down the full scope and meaning of the first section allowing the question to be tried as many times as twenty new petitioners should move in the matter.

It would not have been necessary to insert such a provision to make the proceedings final and conclusive against the twenty or more freeholders who were parties to the proceeding by having signed the petition.

Because it is a general principle of law, as declared by this court in *State, ex rel.*, v. *Page*, 63 Ind. 209 (212), that in a former recovery, to be a bar, it must "appear that there is an identity betwen the present and previous cause of action, and that the parties in the present action are the same as in the previous one, or else that they claim under the parties to such previous action."

To the same effect is *Bilsland, Exec.*, v. *McManomy*, 82 Ind. 139.

While these general principles of law made it wholly unnecessary to provide in the act that the proceedings should be final and conclusive as to the petitioners that were parties, yet if it was desired to make it final and conclusive as to all others not parties, so as to avoid the absurd result of allowing the question to be tried every three months by new petitioners, it became necessary to provide that the proceedings should be final and conclu-

sive; that is, final and conclusive against collateral or indirect attack in the reopening of the question before the same tribunal, either many times or one time. There is no reason, therefore, for saying that in applying the words final and conclusive to mean that the proceedings were intended thereby to be placed merely beyond collateral attack, such a provision was wholly unnecessary.

Section 239, of Sutherland Stat. Con., says: ''The practical inquiry is usually what a particular provision, clause or word means. To answer it one must proceed as he would with any other composition—construe it with reference to the leading idea or purpose of the whole instrument. The whole and every part must be considered. * * * This survey and comparison are necessary to ascertain the purpose of the act and make all the parts harmonious. They are to be brought into accord if practicable, and thus, if possible, give a sensible and intelligible effect to each in furtherance of the general design. * * * It is said to be the most natural exposition of a statute to construe one part by another, for that expresses the meaning of the makers. * * * If the comparison of one clause with the rest of the statute makes a certain proposition clear and undoubted, the act must be construed accordingly, and ought to be so construed as to make it a consistent whole. If, after all, it turns out that that can not be done, the construction that produces the greatest harmony and the least inconsistency is that which ought to prevail.''

Now, if we follow these rules and construe the words ''final and conclusive'' in the second section to mean only that the proceedings were intended thereby to be placed beyond collateral attack, if not appealed from, by preventing a retrial thereof by new petitioners, and that it was not intended thereby to restrict the right of ap-

peal at all, we shall find that such construction assigns a meaning to those words that renders the act a consistent whole, and relieves it from inconsistency, and at the same time leads to no absurd or unjust results.

It is no objection to this construction that it makes such proceedings final and conclusive as against persons who were not made parties, because it leaves all those whose rights may be affected on account of their being taxpayers the right to become parties under the general law authorizing appeals from all decisions by filing an affidavit setting forth an interest in the matter decided, and on such appeal allows the whole question to be tried *de novo,* whereas, the other construction denies such right absolutely and unconditionally to those whose rights have been invaded and taken away by the proceedings.

I have been discussing the question as if it were an open one in this court, but it is not.

The question was settled in this court twelve years ago, in a case where the whole subject was reviewed in an able opinion by Woods, J., speaking for the court in *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549, wherein a large number of cases were overruled and where it was said: "A further consideration of the subject has brought us to the conclusion, that the statement of the rule made in the last named case is inaccurate in so far as it denies an appeal from an order or judgment in a proceeding wherein the determination of the board is, by law, declared conclusive merely. The 31st section of the act for the organization of county boards * * * [R. S. 1881, section 5772] gives an appeal, 'from all decisions of such commissioners.' The general law, in which this provision is found, and which defines the powers and duties of county boards, and such special enactments as have been or may be passed in reference to

special proceedings before these boards, should be construed as being *in pari materia;* that is to say, as if all contained in one act. It is only upon this principle that an appeal can be allowed in any such special proceeding, where the act authorizing it does not expressly give the right of appeal. If the 31st section of the general law, and the provisions of the act for the incorporation of towns, were found in a single statute, there would hardly arise a suggestion of any inconsistency between the right of appeal given in the one section from all decisions, and the conclusive character of the final order or judgment of the board in a particular proceeding, as declared in another section. The latter provision would not be deemed to affect the right of appeal, but would be construed to mean, that, unless appealed from and vacated, the order should be held to be conclusive against indirect or collateral attack; and such, we think, is the proper construction of the provision, though found in a separate special act. * * We therefore hold, that, under section 31 of the general law, there is a right of appeal from any decision of a judicial character, made by a county board in any proceeding, unless the right is denied expressly or by necessary implication, and such implication does not arise from the fact that the judgment is declared to be conclusive.''

I think the prevailing opinion greatly misconceives what was involved and decided in that case. The main and only question that was involved was the right of appeal from the board of commissioners. The appellants in that case presented a petition to the board of commissioners of Cass county for the incorporation of the town of Taberville. The city of Logansport appeared before the board, and objected by answer, saying the board should not take action in the matter because the territory described in the petition was, and had been for nine

years, within the exclusive jurisdiction of the city of Logansport.

Thereupon the board gave judgment rejecting the petition and refusing to order the incorporation of said town. The petitioners appealed to the circuit court, where, on motion of the city, the appeal was dismissed. The petitioners appealed to this court from the judgment of dismissal in the circuit court. The dismissal was defended in this court on the ground that the statute authorizing the proceeding before the county board for the incorporation of towns, by its terms, denied the right of appeal from the action of the board to the circuit court, and hence that court had correctly dismissed the appeal; that was the question presented to this court in that case, and that was the question decided.

Two other questions incidental to that question were considered and also decided, but in such a way as not to weaken the authority of the decision on the main question. One of these questions was whether the board had the right, and was in duty bound to take judicial notice of the incorporation of the city of Logansport under the statute, in relation to which it provides that the order incorporating such city "shall be held in all courts as conclusive evidence of such incorporation in any suit pending therein."

This provision was not urged in opposition to the right of appeal from the action of the board, which had, by order, previously entered in its record, incorporated the city of Logansport, the board was justified in taking judicial notice of such incorporation, and that the territory proposed to be incorporated as Taberville was within the corporate limits of the city of Logansport, and hence could not be incorporated into another municipal corporation. It was held, in opposition to this contention, that though judicial notice should have been

taken of the incorporation of the city, yet that whether the territory proposed for incorporation as Taberville was within the corporate limits of the city of Logansport, was a question of fact of which the courts could not take judicial knowledge. That holding did not, and could not, have any effect on the decision of the main question, namely, whether there was a right of appeal from the action of the board to the circuit court.

Notwithstanding that holding, if the law gave no right of appeal, the action of the circuit court in dismissing the appeal from the board must have been affirmed, but it was reversed; and it was reversed on the ground that an appeal would lie in such a case.

It is true the learned judge who wrote the opinion incidentally remarks that "the language of the law is that the order shall be conclusive in all suits by or against such incorporation. An appeal from the order establishing, or refusing to establish, the incorporation, is not a suit by or against it. The reference is to subsequent suits to which it may be a party. We therefore hold, that, under section 31 of the general law, there is a right of appeal from any decision of a judicial character, made by a county board in any proceeding, unless the right is denied expressly or by necessary implication, and such implication does not arise from the fact that the judgment is declared to be conclusive."

The statute quoted from in the above extract is the one for the incorporation of towns, and the one under which the proceedings in that case was instituted and prosecuted, and the one by which it was contended in that case the right of appeal from the order was denied and cut off. And it was attempted thereby to justify the action of the circuit court in dismissing the appeal. Now, this court laid down and decided two propositions of law as the ground or foundation of its decision that

the right of appeal existed in that case, and as a reason why the circuit court erred in dismissing the appeal. Either of the reasons was sufficient to justify the ruling and decision on the main question. One of these grounds for the conclusion reached was that notwithstanding the statute, under which the proceeding was had, made the final order of incorporation conclusive, yet that an appeal would lie from such order; the other ground was that the statute only made the final order of incorporation conclusive in all suits by or against such incorporation, holding that the reference is to subsequent suits by or against the corporation. The question thus decided, that the reference was to subsequent suits by or against it, was not entirely clear from doubt. There was at least room for a difference of opinion on that point. But this court has settled that by deciding it as one of the grounds of the conclusion reached; it also decided the other proposition as one of the grounds, and the first ground of that conclusion. The prevailing opinion erroneously assumes, in substance, that only one of these grounds could be valid and binding as a decision and as authority; that is one only of the legal propositions announced and decided incidental to and as one of the grounds of the conclusion reached can be valid and binding as authority, because the other ground was unnecessary to the support of the conclusion reached, and hence not binding and authoritative.

I concede that a question decided that is not before the court, and not involved in the case, is *obiter dictum* and not binding authority. But when the court decides incidental questions essential to the support of the conclusion reached and happens to decide two such questions when one would have been sufficient to support the conclusion, one of such incidental decisions is just as binding a decision, and as authoritative, as the other.

The Board of Commissioners of Vigo County *v.* Davis *et al.*

Had one only of those incidental decisions been announced as the only ground in support of the conclusion reached, and that one had been that the appeal would lie notwithstanding the statute under which the proceeding was had, provides that the order should be conclusive, no one would deny that it would, in that case, be authoritative and not *obiter dictum.*

It can not be any the less so because another reason is given in support of the conclusion reached, because another incidental question is decided as an additional ground on which to rest the conclusion reached.

To illustrate my meaning: The prevailing opinion is rested upon two grounds to support the conclusion reached: One is that the statute denies the right of appeal; the other is that the statute called into exercise no judicial power or function, but merely the ministerial or administrative authority of the board. Either ground is sufficient to defeat the appeal, and either ground is amply sufficient to support the conclusion by my brethren. After the prevailing opinion is printed in the reports, a case arises in one of the trial courts, involving the right of appeal from the board under a statute providing for a special proceeding before the county board regarding some other subject with a provision that the order shall be final and conclusive.

On a motion to dismiss the appeal on the ground that it is denied by the statute, the moving party reads the prevailing opinion. But the opposite party points to the fact that the decision, in saying the statute denies the right of appeal, is *obiter dictum,* and shows that the other ground on which the decision was rested, namely, that the question involved before the board was not judicial, but ministerial or administrative, was sufficient to support the conclusion reached, and, therefore, the point that the statute denies the appeal was wholly unneces-

sary and *obiter dictum*. He refers to the body of the prevailing opinion to prove that itself says that the decision can not be authority on both points.

Another case arises, involving whether the exercise of similar powers to those called into exercise by the county board are judicial, and, if not, the appeal should be dismissed, and, in support of a motion to dismiss the appeal, the prevailing opinion is read, but the attorney, on the other side, points out that there were two grounds on which the conclusion was rested, and that the other ground being that the statute denied the right of appeal was amply sufficient to support the conclusion, and all that was said about the power exercised being not judicial was unnecessary to the decision, the other ground being sufficient to support the conclusion reached. Thus ending in well nigh overthrowing the prevailing opinion as authority on either point.

It was said in *Alexander* v. *Worthington*, 5 Md. 471(489), that: "General views expressed by the court as illustrative of, but not necessarily leading to, the opinion on the point intended to be decided are not to be treated as conclusive, when similar topics come up directly for judgment. But we are not aware of the authority which will sustain the proposition assumed * * * that the unanimous opinion of a State court of the highest appellate jurisdiction, directly on the point which is supposed by the court to be presented by the record, and which is elaborately discussed by counsel and is investigated with care and solemnly delivered by the court, can be disregarded as *obiter dictum*, merely because it is since discovered that some other point existed on which the judgment rendered might have been rested. If any such authority exists, it has not been referred to." See, also, 5 Am. and Eng. Encyc. of Law, 664, 17 Am. and Eng. Encyc., section 1.

I, therefore, am of opinion, not only that my brethren have gravely misconceived the true force of the Grusenmeyer case, but they have made the decision herein self-destructive as authority.

Another incidental question decided and absolutely essential to the decision of the main question, and that was whether a petition for the incorporation of a town presented to the board of commissioners a case invoking the exercise of judicial power, and that, therefore, the appeal would lie. I do not claim that any of these cases involved a statute like the one involved in the Grusenmeyer case, or the one here involved.

This holding in no way obviated the decision of the main question, but made the way clear for, and its decision essential to, the final determination of the case in this court.

I am, therefore, clearly of opinion that the right of appeal from the board was directly involved, though the statute made the order appealed from conclusive in that case, and was squarely decided in favor of that right, and that such decision was unavoidable and absolutely essential to the determination of the case in this court. If that does not make it an authoritative decision, then there are no decisions of this court that are authority or binding on any body. And the only way to avoid its binding force is to overrule it frankly if it is wrong in principle. But it is too strongly intrenched in sound principle and reason for any one to be bold enough to propose its overthrow. During the twelve years of its existence, it has not only never been questioned, but it has been cited as authority on the point of the right of appeal by this court in the following and perhaps other cases, namely: *Ricketts* v. *Spraker*, 77 Ind. 371; *Bryan* v. *Moore*, 81 Ind. 9; *Board, etc.*, v. *Pressley*, 81 Ind. 361; *Miller* v. *Embree*, 88 Ind. 133; *Burkam* v. *State, ex rel.*,

88 Ind. 200; *Board, etc.,* v. *Karp,* 90 Ind. 236; *Town of Cicero* v. *Williamson,* 91 Ind. 541; *Padgett* v. *State,* 93 Ind. 397; *City of Terre Haute* v. *Beach,* 96 Ind. 143; *City of Logansport* v. *La Rose,* 99 Ind. 117; *Platter* v. *Board, etc.,* 103 Ind. 360; *Farley* v. *Board, etc.,* 126 Ind. 468; *State, ex rel.,* v. *Board, etc.,* 131 Ind. 90; *Dayton Gravel Road Co.* v. *Board, etc.,* 131 Ind. 584.

From an examination of these cases, it will be found that during twelve years *Grusenmeyer* v. *City of Logansport, supra,* has not only been regarded as an authoritative decision on the question of the right of appeal from the board of commissioners, but the long line of cases citing it on that point places it in the list of leading cases in this court on that question, and shows that it has been steadily growing in favor with the court.

In *Platter* v. *Board, etc., supra,* it was said by Elliott, J., speaking for the court, that: "The law as firmly established by our decisions, and they stand on sound principle, is, that where the board of commissioners exercise judicial functions  *  *  *  there is a right of appeal, but that such a right does not exist where the board acts in a purely ministerial or administrative capacity. The case of *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549, recognizes this doctrine, for the language employed by the court in that case, as well as the whole course of reasoning, shows with great clearness that the right of appeal exists only in cases where the board exercises judicial functions.  In summing up the result of the review of the cases the court there said: 'We therefore hold, that, under section 31 of the general law, there is a right of appeal from any decision of a judicial character, made by a county board in any proceeding.'"

I think it is now too late to say that the Grusenmeyer case does not decide the law correctly, or that it is *obiter dictum* on the question of the right of appeal from a

county board. And here I must digress a moment to say what perhaps might have been more properly said when I was discussing what meaning the Legislature intended the words "final and conclusive" to have. It will be seen that a judicial interpretation had been given to such language when found in statutes of the kind here involved by the highest court of the State, and that such interpretation had been affirmed and reaffirmed by this court for twelve years when the statute here involved was enacted. It is a universal rule of construction, without an exception, that in enacting statutes the Legislature will be presumed to have acted with reference to the construction given to former statutes couched in substantially the same language, and that they used the words in that sense. *State, ex rel.*, v. *Swope*, 7 Ind. 91; *Wiggins, Admr.*, v. *Keizer*, 6 Ind. 252; *Brosee* v. *State*, 5 Ind. 75; *Bowman* v. *Conn*, 8 Ind. 58; *Garrigus* v. *Board, etc.*, 39 Ind. 66; *Indianapolis, etc., R. W. Co.*, v. *Board, etc.*, 39 Ind. 215; Endlich Int. Stat., section 8, p. 12; Sutherland on Stat. Con., section 424, p. 546.

The conclusion that the Legislature meant by the words "final and conclusive" only that the proceedings should thereby be placed beyond indirect or collateral attack, and that they had no intention to deny the right of appeal by that language, seems to me to be overwhelmingly irresistible. But the prevailing opinion holds that the duty imposed upon the board was discretionary and not judicial, and, therefore, no appeal would lie, even admitting the full force of all the language used in the Grusenmeyer case, *supra*. And that holding seems chiefly to rest on the use of the word "may" in the statute instead of the word "shall." I am wholly unable to agree with this conclusion.

The provision is that "then it *shall* be the duty of the board. * * * to consider such petition and hear

the evidence thereon, and thereupon within the limits  *  *
*may*  *  * fix and allow a certain sum,'' etc.

Now, the word ''shall'' being confessedly imperative
and mandatory, applies to every duty imposed on the
board but one, and that one is fixing and allowing the
amount.   The command is, *shall* consider such petition,
shall hear evidence thereon, and shall keep within the
limits of the evidence, and shall keep within the limits
of the maximum amount prescribed in the statute, $1,-
500, and shall keep within the limits of the petition.

Now, if the Legislature did intend, by the use of the
word ''may,'' to leave it discretionary with the board
whether the last act, the object of all the other imperative
mandates, should be left purely to the arbitrary will of
the board, the inquiry naturally arises, why were all the
preceding acts made so imperative and mandatory?
That would be a useless expenditure of force and author-
ity if the board was clothed with authority to render it
all nugatory and idle.   Such a construction renders the
section contradictory and inconsistent with itself, and,
according to the authorities we have cited above, on in-
terpretation, such construction must be rejected, unless,
in view of the whole act, the language compels such a
construction.   But it does not.   It is easy to see that the
framers of the act, and the Legislature in passing it, had
the one leading idea of compelling the increase of judges'
salaries in counties falling within the purview of the
act, where the evidence made such increase just and right.
It would be absurd in the extreme to hold that the Legis-
lature intended that though the evidence showed clearly
and conclusively that the judges' salaries were not ade-
quate compensation for their services, and that all the
duties above specified were imperatively required of the
board, and yet the Legislature intended to leave it to the
discretion, to the arbitrary will, of the board whether they

would follow and be governed by the evidence or not. We do not have to resort to the rules of interpretation to reject such a construction, because it is manifestly against the whole act, taken together.

It is settled law in this State, and everywhere else, I believe, where our system of jurisprudence prevails, that the word "may" should be construed as meaning "shall," where public interests and rights are concerned, and where the public or third persons have a claim *de jure*, that the power shall be exercised. *Nave* v. *Nave*, 7 Ind. 122; *Bansemer* v. *Mace*, 18 Ind. 27; *Newcastle, etc., Turnpike Co.*,v. *Bell*, 8 Blackf. 584; *City of Madison* v. *Smith*, 83 Ind 502; Endlich Int. Stat., section 310; Sutherland Stat. Con., section 461.

The petitioners, being freeholders of the county, were interested in the administration of justice in the county, and the whole population of the county are interested that faithful public servants should be adequately compensated.

I therefore conclude that the duty imposed by this statute is not discretionary and directory merely, but mandatory and imperative. It would follow, from what I have said, that the duty was, therefore, judicial in its character.

The Grusenmeyer case, *supra*, directly and necessarily decided that precise question in the affirmative. That was a petition to the board to incorporate a town under the statute, providing: "Section 5 [sections 3297 R. S. 1881], the board of county commissioners, in hearing such application, shall first require proof, either by affidavit or by oral examination of witnesses before them, that the said survey, map, and census were subject to examination in the manner and for the period required by section 3 of this act; and if said board be satisfied that the requirements of this act have been fully com-

plied with, they shall then make an order, declaring that such territory shall, with the assent of the qualified voters thereof, as hereinafter provided, be an incorporated town,'' etc.

This provision does not impose a judicial duty nearly as undoubted as the statute involved in this case, because the judicial inquiry is confined to an inquiry as to whether the preliminary steps had been taken; but here, a trial of a question of fact declared and alleged in the petition to exist is required. If that does not require the exercise of judicial functions, then there is no such thing in this State.

To the same effect is the *Board, etc.,* v. *Karp, supra,* both as to the judicial character of the inquiry and as to the right of appeal.

In *State, ex rel.,* v. *Board, etc., supra,* was a decision in the matter of a petition for the purchase of a toll road, the parties claiming to be aggrieved by the final action of the board, and it was held that such action was judicial, and that the right of appeal existed.

The action appealed from in the case at bar is a great deal more judicial in its character than the case just cited.

The case of the *Dayton Gravel Road Co.* v. *Board, etc., supra,* was exactly the same kind of a case as the last one, and from the same county, and involved the same question, and it was there held that the action of the board on the petition to purchase involved judicial action, and that an appeal would lie therefrom. And I might go on almost without end citing similar cases in this court where similar action by the board was adjudged to involve judicial action.

There is a large class of cases, I admit, before county boards involving only the exercise of ministerial or administrative authority. Such is the character of *Farley*

v. *Board, etc.*, 126 Ind. 468.    That was a case involving the action of the board in directing that certain animals be allowed to pasture or run at large on the uninclosed lands or public commons within the county.    It was there said:    "The statute requires the board to act and to direct by an order entered on their order-book what kind of animals shall be allowed to pasture or run at large on the uninclosed land or public commons within the bounds of any township in their respective counties. They act, however, upon their own motion.    No petition is needed to invoke the exercise of the power, and they are entirely unrestricted as to the time and manner of exercising it.    They may by such order permit all animals to run at large, or none, and they may at any time and in any manner, of their own motion, change, modify or revoke the order."

An order for the sale of county property is a ministerial act calling into exercise the discretionary powers of the board from which no appeal lies.    *Platter* v. *Board, etc., supra.*

To the same effect is *Sims* v. *Board, etc.*, 39 Ind. 40.

So, too, it has been held that a sale of railroad stock belonging to the county by the county board is not a decision within the general statute authorizing an appeal, is the exercise of a discretionary power conferred on the commissioners, from which no appeal lies.    *O'Boyle* v. *Shannon*, 80 Ind. 159.

I might extend this opinion, already too long, in citing numerous cases of the same class where it has been held that the powers invoked and exercised were of a ministerial or administrative character, and, therefore, resting within the discretion of the board, from which no appeal could be prosecuted.    It is manifest that all that class of cases can have no application here whatever.

Before I can conclude in favor of an affirmance of the

judgment below, one objection thereto remains to be considered. It is contended by the appellant, that the act is in conflict with the 22d section of article 4* of the constitution of the State, in that the act is local in its operation. The act applies to all counties in the State where there is a city of thirty thousand inhabitants. In cases like this, it has frequently been held that a statute is not in conflict with this section of the constitution, if "its operation should be the same in all parts of the State under the same circumstances and conditions." *Groesch* v. *State*, 42 Ind. 561; *State, ex rel.,* v. *Reitz, Aud,* 62 Ind. 159; *Combs* v. *State*, 26 Ind. 98; *Anderson* v. *State*, 28 Ind. 22; *Eitel* v. *State*, 33 Ind. 201; *Clem* v. *State*, 33 Ind. 418.

It has been suggested that there are other counties in the State where the necessary services required of judges make them as much entitled to the increase as those counties to which this act applies by having a city of thirty thousand inhabitants; and that for that reason it is contended that the act before us is unconstitutional.

That question was decided against appellant in *Hargrave* v. *Reitz, Aud., supra.*

Besides, that was a question that the Legislature had the exclusive right to decide, and their decision on that point is conclusive on the courts. *Gentile* v. *State*, 29 Ind. 409; *State, ex rel.,* v. *Tucker*, 46 Ind. 355; *Kelly, Treas.,* v. *State, ex rel.*, 92 Ind. 236; *Johnson* v. *Board, etc.*, 107 Ind. 15; *Wiley* v. *Corporation of Bluffton*, 111 Ind. 152; *City of Evansville* v. *State, ex rel.*, 118 Ind. 426.

I am, therefore, of opinion that the judgment ought to be affirmed.

Filed Jan. 11, 1894.